# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA



CLERK
DISTRICT & BANKRUPTCY
COURTS FOR DC

2024 JAN - 7

RECEIVED

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

and

RYAN SAMSEL

and

ISAAC THOMAS

and

RACHEL  MYERS

and

ZACHARY JORDAN ALAM

and

CHRISTOPHER ALBERTS

and

ERIC CLARK

and

RACHEL POWELL

and

ETHAN BRAY

and

CINDIE EVANGELISTA

and

**CIVIL
COMPLAINT**

Case: 1:24−cv−00295 JURY DEMAND
Assigned To : Friedrich, Dabney L.
Assign. Date : 1/5/2024
Description: Pro Se Gen. Civ. (F−DECK)

**TRIAL BY JURY
REQUESTED**

*CERTIFICATION OF A
CLASS OF PLAINTIFFS
WILL BE REQUESTED
BY APPROPRIATE
MOTION BY AN
ATTORNEY ADMITTED
IN THIS DISTRICT*



RECEIVED
Mail Room

JAN 09 2024

Angela D. Caesar, Clerk of Court
U.S. District Court, District

RECEIVED

JAN − 9 2024

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ALBERT EVANGELISTA

and

CINDY LOU YOUNG

and

DONALD HAZARD

and

BARTON SHIVELY

and

JAMES BRETT

and

RONALD SANDLIN

and

GABRIEL GARCIA

and

GILBERT FONTICOBA

and

GINA BISIGNANO

and

PETER STAGER

and

JAMES BEEKS

and

PETER HARDING

and

ISAAC STEVE STURGEON

and

ROBERT MINUTA

and

HENRY MUNTZER

and

HECTOR VARGAS

and

TRICIA LACOUNT

and

ZACHARY REHL

and

JOSEPH BIGGS

and

RAECHEL GENCO

and

ETHAN NORDEAN

and

DOMINICK PEZZOLA

and

SUZAN MCCLAIN

and

SUZANNE  IANNI

and

DAVID  JUDD

and

RALLY RUNNER

and

JAMES MCGREW

and

JEFFREY SCOTT BROWN

and

MATTHEW THOMAS KROL

and

SHAWNDALE CHILCOAT

and

DONALD CHILCOAT

and

MATTHEW THOMAS KROL

and

JOSHUA DOOLIN

and

JORGE RILEY

and

JAMES JUSTICE

and

TRACI SUNSTRUM

Plaintiffs,

v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

and

SARGEANT ROBERT GLOVER
Metropolitan Police Department

and

PAMELA A. SMITH
Current Chief of the Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

and

ROBERT J. CONTEE III
Former Chief of the Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

and

SARGEANT FRANK EDWARDS
Metropolitan Police Department
In his individual capacity and official capacity

and

OFFICER JIMMY CRISMAN
Metropolitan Police Department
In his individual capacity and official capacity

and

SARGEANT PAUL RILEY
Metropolitan Police Department
In his individual capacity and official capacity

and

SARGEANT TARA TINDALL
Metropolitan Police Department
In her individual capacity and official capacity

and

OFFICER LILA MORRIS
Metropolitan Police Department
In her individual capacity and official capacity

and

LT. JASON BAGSHAW
Metropolitan Police Department
In his individual capacity and official capacity

and

OFFICER JOHN DOES 1-50
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

and

The DISTRICT OF COLUMBIA
*A Municipal Corporation, as Employer of*
*Metropolitan  Police Department Officers*
441 Fourth Street, N.W.
Washington, D.C. 20001

> Serve for all D.C. Government Defendants:
> Karl A. Racine, Esq.
> Attorney General of the District of Columbia
> 400 6th Street, NW, Washington, DC 20001
> Phone: (202) 727-3400

and

UNITED STATES CAPITOL POLICE,
119 D Street, N.E.
Washington, DC 20510

    and

J. THOMAS MANGER,
in his official capacity as Chief of the U.S. Capitol Police,
119 D Street, N.E.
Washington, DC 20510,

    and

YOGANANDA PITTMAN
in her official capacity as former
Chief of the U.S. Capitol Police,
119 D Street, N.E.
Washington, DC 20510

    and

ERIC WALDO,
Deputy Chief  of the U.S. Capitol Police,
in his individual capacity and official capacity

    and

THOMAS LOYD,
Inspector, U.S. Capitol Police,
in his individual capacity and official capacity

    and

SARGEANT BRYANT WILLIAMS,
U.S. Capitol Police,
In his individual capacity and official capacity

    and

LT.  MICHAEL LEROY BYRD U.S. Capitol Police,
In his individual capacity and official capacity

    and

THOMAS A. DIBIASE, in his official capacity as General
Counsel for the U.S. Capitol Police,
119 D Street, N.E.
Washington, DC 20510,

and

JAMES W. JOYCE, in his official
capacity as Senior Counsel for the U.S. Capitol Police,
119 D Street, N.E.
Washington, DC 20510

and

OFFICER JOHN DOES 51-100
U.S. Capitol Police
119 D Street, N.E.
Washington, DC 20510

Defendants.

## AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## AND PHYSICAL ASSAULT BY

### I.     INTRODUCTION

1.     This lawsuit, brought under the Civil Rights Act 42 U.S.C. §1983, seeks money

damages for the violations of the rights of Each of the Plaintiffs under the First, Fourth, Fifth,

Eighth and Fourteenth Amendments to the Constitution for unreasonable seizure/excessive force

and violations of Due Process which shock the conscience, as well as Federal civil rights defined

by the laws of the District of Columbia, as well as claims brought under the laws of the District

of Columbia, including common law claims for negligence, negligence per se, assault, battery,

intentional infliction of emotional distress, and negligent infliction of emotional distress when

they were beaten and illegally gassed by police officers at the U.S. Capitol or on U.S. Capitol

Grounds on January 6, 2021, generally at various times between Noon and 6:00 PM EST.

2.      Each Plaintiff has prepared his or her own Declaration labeled a Statement of Facts, sworn under oath, as an affidavit supporting the factual assertions stated therein and personalizing the otherwise identical Complaint to his or her own experience.  Of course, the Plaintiffs cannot and do not swear to legal procedures or rules or precedents, but those speak for themselves.  The Plaintiffs try to be clear where facts are not yet known and require discovery.

3.      The Plaintiffs sue for each of their individual rights,  Pro Se.  However, they join their related and nearly identical claims from the same incident occurring on the same day and from closely related events caused by the same decisions and factors in this same document for judicial economical and an attempt at simplicity.

4.      However, combining their related and very similar claims in the same document does not mean that any Plaintiffs appearing *pro se* is representing any other Plaintiffs.  Each Plaintiff is representing himself or herself.  This combined Complaint occurs because of the nearly identical facts and nature of the Plaintiffs' claims, such that individual Complaints would be nearly exact copies of one another, which would be more complex rather than less.

5.      Most of the Plaintiffs have been (wrongfully and unfairly) incarcerated awaiting trial during most of the time since these events of January 6, 2021, and blocked by their pretrial detention from being able to fully investigate the facts of these events (such as the identity of officers who assailed them, the policies and standing orders violated, the training they violated), or what their rights would entail or how to exercise their rights, and taking necessary actions without much more difficult efforts and arrangements than the average person.

6.      Most of the Plaintiffs do not know the identity of most of the officers who assaulted them, gassed them with chemical agents, and the like.

7.      In most cases, the U.S. Government, the Washington, D.C. Metropolitan Police

Department, and/or U.S. Capitol Police do know the identity of the Plaintiffs' assailants.

8.      Indeed, on information and belief, those assailants know that they assaulted the Plaintiffs, based on the fact that they were recorded on body-worn cameras – their own body-cams or body-cams of other officers,[1] and/or thousands of mobile smart phones equipped with fairly sophisticated hand-held video cameras.  Those officers who engaged in excessive use of force, police brutality and other violations such as illegal discharge of gasses would have been interviewed within the course of their employment for a review of their conduct on January 6, 2021.

9.      However, the Government has engaged in the most massive cover-up of information required to be disclosed by *Brady v. Maryland* since the creation of the Federal Bureau of Investigation.

10.     The Department of Justice has been prosecuting Plaintiffs and others for three years and during what is called the most massive investigation in U.S. history has actively concealed for those three years the identity and evidence of police assaults on January 6 demonstrators.

11.     This information has been concealed including through court protective orders.

12.     Plaintiffs reasonably expected that the identity of their assailants would be revealed by now.

13.     The Former Speaker of the House of Representatives Kevin McCarthy – who has authority over the U.S. Capitol Police along with the President of the Senate – promised in January 2023 to release all information about the events of January 6, 2021, known to the U.S.

_____

[1]    The U.S. Capitol Police were generally not equipped with body-cam videos whereas all MPD officers of Washington, D.C. were.   Police from Maryland who came to the U.S. Capitol were sometimes equipped with body-cams as new policy.   However, even those who did not themselves wear body-cams were filmed by the body-cams of others.

Capitol Police and the House through its former Select Committee, including an estimated 44,000 of hours of video recordings. (Prosecutors claim they have 14,000 hours, although that might be the videos after filtering them for the prosecutors' opinions of what is relevant.)

14.     He did not, with a few exceptions of allowing one opinion journalist to see a few of those videos. Immediately upon Tucker Carlson actually revealing a tiny few minutes of video, he was fired from Fox News and no further information was revealed.

15.     Only in mid-November 2023, did the new Speaker of the House Mike Johnson – who replaced Kevin McCarthy over a long list of large and small broken promises including the withholding from the American people of the January 6 video recordings – keep that promise that McCarthy had made in early January 2023.

16.     Now, a few new videos are slowly trickling out to the public from the U.S. Capitol Police and the files of the now-closed Select Committee.

17.     But now we are learning that the Select Committee destroyed evidence, consisting not only of the video recordings of 1,000 interviews for which transcripts were kept, but in fact many of those witness transcripts have also been destroyed and other information has been destroyed in an obvious conspiracy of obstruction of justice and destruction of evidence.

18.     Ironically, the DOJ has charged many January 6 demonstrators with crimes for doing what we now know that the Congressional Members and staff of the Select Committee committed. There is no immunity for such destruction of evidence by the Select Committee, and in fact it violates Congressional rules. Yet no indictments have been issued against the Select Committee, no Special Counsel appointed, no interest of any kind of the Congress' destruction of evidence relevant to grand jury considerations and on-going prosecutions.

19.     Under the standard law of *spoliation of evidence* the Plaintiffs are entitled to a

presumption and evidentiary inference that the missing evidence would have exonerated them of crimes and shown the violent attacks by police against the Plaintiffs, being one of the reasons the Select Committee destroyed the evidence. The political agenda and narrative of the Select Committee required that the facts be carefully tailored to fit.

20.    A video timeline incorporating newly available video evidence was just published at https://open.ink/collections/j6. For the first time, the American people can see for themselves the boisterous and energetic but peaceful crowd of pro-Trump demonstrators attacked and assaulted by police officers, and how that police violence sparked a reaction of brawling and conflict by a few with the police officers who were savagely attacking previously-peaceful demonstrators. This is not opinion. It is shown on video recordings for all to see.

21.    In Select Committee "hearings" set for evening and professionally produced by a TV news producer James Goldston, former President of ABC News, police officers testified that on the Lower West Terrace the officers were slipping on blood.

22.    Now we can see on video with our own eyes that it was the blood of the demonstrators whom police officers had attacked previously unprovoked.

23.    When one side of Joshua Black's face was blown out by munitions from police, we can see where the blood on the floor came from. It was not from officers.

24.    And we can watch on the video when the loud and demanding but peaceful crowd suddenly reacts to this police violence by shouts and gestures and eventually confrontation.

25.    However, even where we can watch on video – some of it still sealed under protective orders – the Plaintiffs and others being assaulted by police, we often do not know the identity of those officers. Their employers do know.

26.    Accordingly, the Plaintiffs must sue now and pursue discovery to determine the

identity of their assailants.

27.     Plaintiffs emphasize that they are not referring to injuries suffered while initiating any violence.  They are referring to violence and gassing initiated without justification by law enforcement officers,[2] which then after that quickly turned into a riot as demonstrators – clearly shown on video recordings – demanded that officers stop throwing a grandmother off steep stairs (three times), stop suffocating Roseanne Boyland not so different from what Derek Chauvin is serving a prison sentence for, stop firing bullets at demonstrators such as those that blew up half of Joshua Black's face, throwing Derrick Vargo 25 feet off the side of the marble stairs onto the hard ground below, and the like.  The Defendants created the circumstances which they then in a time-travel reversal claimed as the justification for their excessive use of force.

28.     Furthermore, the Defendants mistakenly believe that mere presence on the Capitol Grounds is justification for their violence and/or arrest.  But 18 U.S.C. 1752 only applies to a building or grounds closed ___because of the presence of a Secret Service protectee___.   It is not just any time an area is closed.  Closure for COVID does not count for a violation of 18 U.S.C. 1752.  Plaintiffs allege that the evidence will show that some of the Capitol Grounds was closed in September 2020 – before the 2020 election – for the purposes of workers erecting the inaugural scaffolding.  Apparently, no Capitol grounds were closed pursuant to 18 U.S.C. 1752.

29.     Furthermore, because Suspicious Actors are seen on video removing light chicken fencing and snow fencing with flimsy signs "Restricted Area" (apparently just photocopies on 11" by 14" photocopy paper laminated in a plastic film) attached were removed and the vast majority of demonstrators could not see signs that were no longer present when they arrived.

30.     As Judge Cooper recently ruled in dismissing "restricted area" charges, the

---

[2]     Note that the Government which initiated violence on January 6, 2021, charged many demonstrators with 18 U.S.C. 111(a)(1) which

Government must prove that it provided adequate notice to the public of a closure.  It did not.

## II.    JURISDICTION AND VENUE

31.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction, 42 U.S.C. 1983, and 28 U.S.C. § 1332 Diversity Jurisdiction) because the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties.

32.    This Court has supplemental jurisdiction over this case pursuant to 28 U.S.C. § 1367.

33.    Jurisdiction is also proper under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), in so far as the actions violate the 1st, 4th, 5th, and 14th Amendments to the U.S. Constitution.

34.    To the extent that the District of Columbia and/or its Metropolitan Police Department are governed by the Federal Government, this Court also has jurisdiction under 28 U.S.C. § 2680(h).

35.    Venue is proper pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b)(2), (3) a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Defendants are subject to personal jurisdiction in this District.

## III.    DEFINITION OF ADDITIONAL CLASS MEMBERS

36.    Initially, for the assistance of any persons who may be affected, and in the public interest, it should be clearly stated that ***any person who would otherwise fall within the definition of a class for a class action has the right to "OPT OUT" of the class.*** Misunderstanding that any person would be made a member of a class who does not wish to be should be clarified and avoided.  A class action provides an opportunity for injured or affected

persons to be included at relatively low cost, efficiently. It is not a means of requiring anyone to play any role if they do not wish. A person who may have a claim is free to consult their own attorney or prospective attorney, pursue their own separate legal case independent of the class action, or choose not be included in any legal action.

37.     It is expected that at least one attorney will file the appropriate motion to certify a class action, who will act as their legal representative as required, who is currently on business overseas. In the name of full disclosure, Plaintiffs would not deprive the Defendants of awareness of discussions and plans.

38.     The definition of the proposed class is demonstrators at and around the U.S. Capitol building and its grounds who were physically assaulted, gassed with dangerous chemical munitions, or otherwise injured physically or through emotional distress through excessive use of force, unnecessary use of force, unprovoked use of force, and/or police violence on the afternoon of January 6, 2021, on Capitol Hill at the U.S. Capitol complex.

## IV.    PARTIES

### Plaintiffs

39.     Each of the Plaintiffs are individuals who were demonstrators at or around Capitol Hill who were physically injured by attacks from the Defendants, being law enforcement officers and their employers.

40.     Each of the Plaintiffs has prepared his or her own Statement of Facts about their individual circumstances and experiences which they ask to be legally attached as an exhibit to their Complaint.

### Defendants

41.     Defendants are officers of the U.S. Capitol Police and the Metropolitan Police

Department

42.   Defendant ROBERT J. CONTEE III is Chief of the Metropolitan Police Department who is the supervisor and superior of the police officers of the Metropolitan Police Department of the District of Columbia who physically assaulted the Plaintiffs.

43.   Each of the Defendants OFFICERS JOHN DOES 1-50, as captured and recorded on video, is a police officer of the Metropolitan Police Department of the District of Columbia, who participated with, conspired to, and aided and abetted in physically assaulting the Plaintiffs, but their identity has not yet been identified.

44.   Each of the Defendants OFFICERS JOHN DOES 51-100, as captured and recorded on video, is a police officer of the U.S. Capitol, who participated with, conspired to, and aided and abetted in physically assaulting the Plaintiffs, but their identity has not yet been identified.

45.   Defendant District of Columbia is a municipal corporation constituting the city government of Washington, D.C.

## V.   FACTS ALLEGED COMMON TO AND SUPPORTING ALL COUNTS

46.   Plaintiffs re-allege and rely upon all factual allegations above including those stated within the descriptions of the Parties, and alleges these facts for the purposes of each and every cause of action as if stated specifically under each Count below.

47.   Each of the Plaintiffs incorporates by reference as if set forth herein the timeline and video record moment by moment of events on January 6, 2021, published last week from recently released video at https://open.ink/collections/j6 .  Specifically, the Plaintiffs rely upon, incorporate, and allege the actual videos recorded by law enforcement officers, by the U.S. Capitol's security camera system, and other videos presented in the documentary, including all

videos presented in order chronologically and in full without editing or fragmentation, and including the comparisons by montage of what was happening at the same time in different places as recorded in various cameras. The commentary superimposed on those videos might not be admissible but A.J. Fischer and others may testify to witnessing the events described.

48.     Each of the Plaintiffs has written for himself or herself his and her own Statement of Facts as a Declaration of the individual circumstances and injuries they suffered, which are attached or will be supplemented.

49.     Each of the Plaintiffs incorporates by reference as if set forth herein his or her Statement of Facts, which will probably not be attached at first filing because most of the Plaintiffs are incarcerated and have texted or dictated their own personal statements but have difficulty signing them in prison. The Statement of Facts will be filed shortly as a Supplement with the request that they be legally considered attached to this Complaint.

50.     Plaintiffs emphasize that this is not about demonstrators being injured in the course of fighting with police, but are injuries resulting from attacks from officers at the officers' initiative.   At 2:38 PM, Donald Trump tweeted:



**Donald J. Trump** ✓
@realDonaldTrump

Please support our Capitol Police and Law Enforcement. They are truly on the side of our Country. Stay peaceful!

2:38 PM · Jan 6, 2021

**95K** Reposts  **38.1K** Quotes

**553.3K** Likes  **1,745** Bookmarks

💬  ↻  ♡  🔖 1.7K  ↑

51.    At 3:13 PM, Trump tweeted out



**Donald J. Trump** ✓
@realDonaldTrump

I am asking for everyone at the U.S. Capitol to remain peaceful. No violence! Remember, WE are the Party of Law & Order – respect the Law and our great men and women in Blue. Thank you!

3:13 PM · Jan 6, 2021

**164.4K** Reposts  **68K** Quotes

**748.9K** Likes  **5,212** Bookmarks

💬  ↻  ♡  🔖 5.2K  ↑

52.    It is unlawful for Defendants to use dangerous but misnamed "less than lethal weapons" like plastic or rubber bullets at any person's head.  They must be aimed at their torso, if at all.

53.     However, the Defendants through their own personal actions, and/or their training, orders, and instructions to officers, knowingly and intentionally violated that rule.

54.     D.C. law mandates three (3) warnings before using very dangerous so-called "less than lethal weapons" plus ensuring that demonstrators have a pathway to comply with warnings to disperse (or leave) by having the ability to leave.

55.     Ordering protestors in closest proximity to police lines to depart is a clear and explicitly-identified violation of D.C. law if protestors so warned are not able to comply.

56.     On January 6, 2021, with crushes of new demonstrators constantly arriving "behind" (farther away from the police lines), these Plaintiffs and other demonstrators were unable to depart, being crushed from "behind" (from the point of view of the police lines) with no pathway to leave.

57.     Of course, again, the police on scene on January 6, 2021, did not give the required warnings either.

58.     Video catches one leading officer calling out over the radio that they had given warnings when the video shows that to be a lie.  A leading officer is caught clearly lying.

59.     Ironically, while the use of gas on January 6, 2021, was in violation of the officers' training, standing orders, and manufacturers' instructions, the police officers mostly gassed themselves by recklessly throwing massive gas canisters, including explosive canisters, without regard for the wind that was blowing back in their direction.

60.     Therefore, officers were driven away from their positions by the gas they themselves launched recklessly into the wind.

61.     Then of course the officers, mostly out-of-control MPD officers, "testi-lied" on this and many topics, using the passive voice to complain about "being gassed" to falsely accuse

the demonstrators when in fact the officers are seen on video recordings gassing themselves.

62.     Almost every aspect of events on January 6, 2021, has been lied about by a few officers, while other officers have been cowed into silence rather than telling the truth.

63.     While partisan and politically-motivated politicians and journalists have dishonestly aired heavily edited (that is, misleading fragments and snippets) videos of a very, very few demonstrators who got into skirmishes, the public has not been able to see until mid-November 2023 the entire sequence of events in which police officers sparked and provoked a violent reaction from the crowd such as by throwing an elderly woman down the stairs three times, committing the attempted murder[3] of Derrick Vargo by throwing him off the side of a massive stair case about 25 feet above hard ground below, and blowing out one side of Joshua Black's face with munitions.

64.     Now that we can see the entire, uninterrupted sequence of events without the blinders placed on the videos by the Government, we can see that the Defendants took a large but ordinary (for Washington, D.C.) large protest and created a maelstrom of violence.

65.     In December 2020, the U.S. Capitol Police issued six (6) permits[4] to authorize demonstrations on the U.S. Capitol Grounds for the afternoon of January 6, 2021:

> (a) Virginia Freedom Keepers, Senate Park Area 7
>
> (b) Women for a Great America, House East Front, Grassy Area 10
>
> (c) Bryan Lewis, Senate East Front, Grassy Area 9

---

[3]     Following the same charging philosophy prosecutors are using.
[4]     Jason Leopold, "The Capitol Police Granted Permits For Jan. 6 Protests Despite Signs That Organizers Weren't Who They Said They Were," Buzzfeed News, September 9, 2021, updated September 17, 2021, https://www.buzzfeednews.com/article/jasonleopold/the-capitol-police-said-jan-6-unrest-on-capitol-grounds?origin=web-hf.   To the best of Plaintiffs' knowledge, these permits were never revoked.

(d) One Nation Under God, Senate East Front, Grassy Area 8

(e) Rock Ministries, International, House East Front, Grassy Area 11

(f) Jesus Lives, West Front Grassy 1 on January 5, 2021, and Area 15 on January 6, 2021

66.     Because humans cannot fly through the air, these permits include the right to walk to and fro to each of these planned demonstrations and walk among them to visit them all.

67.     However, the U.S. Capitol Police provides no sign posts, sign poles, plaques, or map or other indication of where permitted demonstrations are to take place.  There was and still is only grass with no clue where the USCP has issued permits for demonstrations.

68.     Upon arriving at the Capitol, with a massive crowd larger than expected, no one knew where these lawfully-permitted demonstrations were supposed to occur.  Instead, people gathered toward the Capitol building.

69.     On January 6, 2021, Plaintiffs were engaged in Constitutionally protected speech and/or activity, petitioning the Congress for redress of grievances, and peaceful assembling by peacefully protesting at the U.S. Capitol building.

70.     Mayor Muriel Bowser (functioning like the Governor of a State) of the District of Columbia declared the demonstrations of January 6, 2021, as a "First Amendment Activity," legally establishing it as such and triggering D.C. and Federal laws and rights.

71.     That designation has strong legal consequences under D.C. law governing the Metropolitan Police Department including the requirement to give at least three (3) clear orders to disperse, but more important to ensure a pathway by which demonstrators are able to leave, which was not done on January 6, 2021.

72.     An estimated 500,000 to possibly 1 million demonstrators came to Washington,

D.C. to hear the last expected speech of Donald Trump as President at the Ellipse and demand that the Congress follow the Constitution.  They had good reason to expect they would not.

73.     According to the U.S. Capitol Police, an estimated 10,000 demonstrators were scattered around Capitol Hill, a tiny percentage of which entered the Capitol building and a tiny percentage got involved in fist fights, brawls, and conflicts.

74.     The popular narrative is that all demonstrators did exactly the same thing.

75.     Of course it would be logically absurd to suggest that all police officers acted the same way on January 6, 2021.

76.     It would be equally absurd, logically, to suggest that all demonstrators acted the same way on January 6, 2021.

77.     Fortunately, we have approximately 44,000 hours of video recordings which Speaker Mike Johnson has only just started to release publicly.

78.     While demonstrators could exercise their constitutional rights to demand that the Congress follow the law and follow the Constitution faithfully on January 6, 2021, it was completely impossible to extend the term of President for Donald Trump by one (1) second past Noon on January 20, 2021, nor to change the next President even if demonstrators had stopped the Joint Session of Congress by which the President of the Senate (the Vice President of the United States has the right to step in and serve as President of the Senate) counts the Electoral College votes in the presence of the Congress, and Congress has the Constitutional power and duty to object to the Electoral College votes of individual States where the validity of Electors is in question.

79.     Demonstrators could and did publicly insist that Congress not cheat in the counting of the Electoral College votes as they had just seen State officials cheat.

80.    Demonstrators could not and did not interfere in the transfer of presidential power.

81.    The Office of the President of the United States of America was created by the U.S. Constitution and its ratification, so that on March 4, 1789, the first term of President began.

82.    President George Washington was notified of the Electoral College decision on April 14, 1789, and inaugurated as the first occupant of the office on April 30, 1789.

83.    Every four years, the occupant of the continuing office of President is changed or renewed for a second four-year term.

84.    The occupant of the office of President is chosen by the Electoral College, whose Electors were originally selected by the State legislatures and expected to exercise their good civic judgment independent of their appointment to choose the next President.

85.    According to Article II, Section II, of the U.S. Constitution, the State legislatures have the sole power to choose the Electors or the method of their selection.

86.    Given that no popular vote to select Electors is referenced in the Constitution until Amendment XIX mandated that States extend voting rights to women, a popular vote in a State to select the Electors for President cannot be presumed to be a preferred method, although it has become a universal desire and expectation that the people choose their President.

87.    Nevertheless, U.S. citizens vote for Electors in the Electoral College.  They do not vote for the next President.  They vote only for Electors, if that is how the State legislature has decided to choose Electors (which all have at this point).

88.    Under Amendment XII and Amendment XX of the U.S. Constitution, a President's term of office ends on January 20 at Noon, when the unstoppable rotation of the planet Earth around its axis brings the January sun to its highest point for the day – Noon – in the

Nation's Capitol, now Washington, D.C.

89.     No presidential power is transferred on January 6 of any year.

90.     No demonstrators can stop the rotation of the Earth to delay or prevent the coming of Noon on January 20 every four years.

91.     Almost every election, Democrats and only Democrats urge Republican Electors to vote for the Democrat candidate for President not the Republican candidate for whom they were pledged when chosen to serve as Electors in various States.

92.     The original concept in the Constitution is that the Electoral College would make its own decision as a group of wise, experienced, and respected (originally) men as to whom would make the best President of the United States, not that the people would choose the President in a popular vote.

93.     Therefore, no one present in Washington, D.C., on January 6, 2021, did or could or attempt to "prevent the transfer of presidential power" which occurs automatically upon the clock striking Noon on January 20, and not by any human activity.

94.     Given that mass demonstrations of hundreds of thousands of people are normal and common in Washington, D.C., there was no necessity to clear the U.S. Capitol Grounds of people for its own sake.

95.     Given that the Congress routinely does business despite having hundreds of visitors in the 750-foot long Capitol building, the police should have been prepared for a different strategy of handling demonstrators and the attacks on the Plaintiffs are not justified.

96.     Plaintiffs and other January 6 Defendants have access to the recordings of police radio traffic among officers from January 6, 2021.

97.     Police radio recordings show Robert Glover, and others, whipping other officers –

hundreds able to hear the radio traffic – into a state of panic. The average police officer unable to see what was going on would be led to believe that it was the end of the world, so to speak, such as with calls of "shots fired!" without clarifying that it was a police officer doing the shooting, murdering under D.C. law Ashli Babbitt. Therefore, officers would think that shots had been fired by demonstrators against police officers, the opposite of the truth.

98.     Robert Glover and others including Yogananda Pittman exaggerated and embellished actual events so as to spread an atmosphere of fear, panic, and hysteria over the radio headsets of police officers on Capitol Hill on January 6, 2021.

99.     As a consequence, police officers abandoned and violated their training, the instructions for the use of their equipment such as gas, and the laws governing proper actions in a mass demonstration (of which Washington, D.C., has many rather frequently).

100.     The Plaintiffs' injuries were proximately caused by the conduct of Defendants, each and every one of them, jointly and severally.

### Diversity of Citizenship

101.     None of the Plaintiffs are residents of the District of Columbia, Maryland, or Virginia.

102.     The Defendants are residents of the District of Columbia or neighboring States Virginia or Maryland, and commute to work within the Metropolitan Police Department of the District of Columbia.

103.     There is complete diversity of citizenship between the Plaintiffs and all Defendants.

### CAUSES OF ACTION

## FIRST CAUSE OF ACTION
### *Assault and Battery*

104.    Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this

Complaint with the same force and affect, as if fully set forth herein again at length.

105.    Defendants directly or by subordinates or agents caused or committed assault

and/or battery against each of the Defendants placing each of the Defendants in imminent fear of

bodily injury and physically injuring and harming the Plaintiffs through physical battery against

them.

106.    Defendants' assault and battery was not privileged or justified including because

Defendants initiated violence against the Plaintiffs and because Defendants failed to comply with

the legal requirements for escalating a demonstration into the use of force.


## SECOND CAUSE OF ACTION
### *Negligence Per Se in Assault on Plaintiffs with Chemical Agents*
### *in Violation of Law, Training, and Manufacturer's Instructions*

107.    Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this

Complaint with the same force and affect, as if fully set forth herein again at length.

108.    Defendants acted negligently, to the extent of being reckless, which was either

ordinary negligence or negligence per se as violating standing regulations.

109.    Defendant Officers in concert with their superiors and agents attacked the

Plaintiffs with dangerous chemical munitions, essentially chemical weapons which Plaintiffs

believe are banned in the international rules of war but do not make that point a necessary part of

their claim, such as so-called OC gas and CS gas or tear gas.

110.    Defendants directly or by supervision and direction caused the Plaintiffs to be

surrounded, attacked, and forced to breath these dangerous gasses in violation of the

manufacturers' warnings, limitations on use, and directions, in violation of the laws governing law enforcement officers on Federal ground at the U.S. Capitol and officers of the Metropolitan Police Department of the District of Columbia.

111.    Among other mis-uses of these gases, D.C. law mandates that three (3) warnings be given prior to the use of such measures referred to as less than lethal weapons or for crowd control, but more to the point the law in the District of Columbia requires careful attention of police officers to whether or not members of a crowd have a pathway to leave the area and disperse.

112.    The law does not allow the use of measures to punish demonstrators for being where they are or to cause them to leave *if they have no way to leave*.

113.    Any justification for use of force or chemicals vanishes if the purpose of compelling a crowd to leave is an impossibility because there is no way for them to leave.

114.    As massive crowds of people congregated on Capitol Hill, those who had arrived early were crushed by the growing crowd "behind" them (that is on the other side of the crowd from the Capitol and from police lines).

115.    Crowds were instructed to move forward (closer to the Capitol) by Suspicious Actors / Agent Provocateurs, including a key figure known to the U.S. Government but concealed from the public given the code name Northwest Scaffold Commander[5] who repeatedly

---

[5]    https://jan6attack.com/individuals/nwscaffoldcommander/index.htm   His face is clearly visible, and yet the Government pretends not to know the identity of this crucial Agent Provocateur, even though anyone with a driver's license (ever), college or high school photographic ID card (ever), or in most cases social media accounts has a photograph that the FBI can find. Indeed, the U.S. Department of Justice has regularly used the same technology used by "2000 Mules" by Dnesh D'Souza, Greg Phillips, and Catherine Engelbrecht which proved that the 2020 election was stolen by pinpointing the location of a person's cell phone. Northwest Scaffolding Commander's unique position over a very long period of time would

urged the crowds to move up closer to the Capitol in a manner that sounded convincing that he was a leader and that his urgings were the plan.

116.    As a result the crowds nearest to police lines, nearest to the Capitol building, were being pushed and shoved as if with a snow plow into the police lines and toward the Capitol.

117.    The crowds could not retreat after being beaten by the police because the crowds "behind" them were too thick and growing by the minute.

118.    Therefore, the Defendants violated D.C. Law by using violence and chemical munitions under the guise of encouraging the crowds to disperse even though the crowds could not disperse.

119.    That is an explicit violation of D.C. Law.

120.    No justification can exist to use violence to compel people to leave who are unable to leave the area.

121.    That is, the police officers under these circumstances would have been required to stand their ground, which was happening peacefully in a stable set of lines as shown on video, and wait for the National Guard or other officers to approach the outer edge of the crowd and advise them that, no, the Capitol Grounds normally open to the public were not open on that day, turn them away, and if necessary arrest those who did not comply.  At the outer edges of the crowds, warnings to depart could have been followed without conflict.

122.    Officers should have – if they had any legitimate reason to clear the national park known as the Capitol Grounds – cleared the area from the farthest edge first and then progressively up towards the Capitol building because the law compels them to ensure that people have a way of leaving, a pathway out, before resorting to violence and chemical weapons.

_____

allow the FBI to geo-locate his smart phone and identify him.  The DOJ has regularly prosecuted January 6 Defendants including by validating the technology used in "2000 Mules."

123.    As shown especially well on recently released video recordings not previously available, these things occurred at the initiative of the Defendants, not in reaction to any acts of the Plaintiffs.

124.    The Defendants were especially reckless – as shown on previously known but especially on recently-released video – in firing gas canisters into the wind, so that the gas blew back on the police officers on the terrace the next level above the crowd.

125.    The officers and their leaders then lied to the American people, to Congress, the media, and the Courts by saying that "officers were gassed" without honestly explaining that the officers gassed themselves.

126.    Perhaps they were banking on the videos never being revealed.  Or perhaps they made those statements out of long habit.

127.    Overcome by their own gas, the officers then abandoned their positions completely – as shown on video – exclusively because of firing gas on their own positions while demonstrators were very far away on the next level lower.

128.    Inside the Capitol building, videos currently available only to defense attorneys shows huge billows of smoke even though the manufacturer's instructions and the officer's training demands that the gas cannot be used in enclosed spaces for many reasons.

129.    All Defendants acted in concert to unlawfully institute, conduct and continue physical battery and physical abuse of the Plaintiffs as pled in detail herein.

130.    The Defendants engaged in the conduct described by this Complaint willfully, deliberately, maliciously, in bad faith, and in reckless disregard of Plaintiffs federally protected constitutional rights.

### THIRD CAUSE OF ACTION
*Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, **403 U.S. 388 (1971)**
*Violation of Fourth, Fifth, Fourteenth Amendment and Due Process Rights*

131.   Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint with the same force and affect, as if fully set forth herein again at length.

132.   42 U.S.C. § 1983 provides in pertinent part that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

133.   At the time of the events complained herein, Plaintiffs possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

134.   The Defendants were at all times relevant to this Complaint acting on duty within the terms of their employment and assignment, and not on a "frolic" or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiffs' rights.

135.   The Defendants formed a retaliatory motive and beat the Plaintiffs because they were exercising their First Amendment rights demonstrating at the U.S. Capitol.

136.   The Defendants, acting in concert jointly and severally, possessed a retaliatory motive.

137.   The violations of Plaintiffs' liberty interest and freedom from bodily injury by the Defendants are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971).

## FOURTH CAUSE OF ACTION
### *Civil Action for Deprivation of Rights*
### *Against All Named Defendants*
## 42 U.S.C. § 1983 – Excessive Force in Violation of Fourth Amendment

138.    Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint with the same force and affect, as if fully set forth herein again at length.

139.    At the time of the events complained herein, Plaintiffs possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

140.    The Defendants were at all times relevant to this Complaint acting under color of state law, on duty within the terms of their employment and assignment, and not on a lark or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiffs' rights.

141.    All Defendants acted in concert to unlawfully institute, conduct and continue physical battery and physical abuse of the Plaintiffs as pled in detail herein.

142.    42 U.S.C. § 1983 provides in pertinent part that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

143.    The Defendants did so with shocking and willful indifference to Plaintiffs rights, and in doing so exhibited conscious awareness that they would cause Plaintiffs severe physical and emotional injuries or even death.

144.    These Defendants acted in concert and jointly in a conspiracy with each other.

145.    The acts of omissions of the Defendants as described herein intentionally deprived Plaintiffs of their constitutional rights and caused them other damages.

146.    The Defendants to this claim at all times relevant hereto were acting as part of a conspiracy, in concert, jointly and severally, pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiffs.

## FIFTH CAUSE OF ACTION
### Civil Action for Deprivation of Rights
### Against All Named Defendants
### 42 U.S.C. § 1983 –Violation of the Fifth Amendment

147.    Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

148.    At the time of the events complained herein, Plaintiffs possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

149.    At the time of the events complained herein, Plaintiffs possessed the clearly established constitutional right to be free from physical violence, physical abuse, terrorizing, intimidation, fright from assault, and false imprisonment or kidnapping violating the right of liberty and travel, excessive force, and the like.

150.    The Defendants were at all times relevant to this Complaint acting on duty within the terms of their employment and assignment, and not on a "frolic" or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiffs' rights.

151.    Any reasonable person knew or should have known of these rights at the time of the complained of conduct insofar as they were clearly established at that time; especially to the Defendants as sworn law enforcement officers.

152.    All Defendants acted in concert to unlawfully institute, conduct and continue physical battery and physical abuse of the Plaintiffs as pled in detail herein.

153.    The Defendants engaged in the conduct described by this Complaint willfully, deliberately, maliciously, in bad faith, and in reckless disregard of Plaintiffs federally protected constitutional rights.

### SIXTH CAUSE OF ACTION
*Civil Action for Deprivation of Rights*
*Against All Named Defendants*
**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourteenth, and First Amendments and in Violation of 42 U.S.C. § 1981**

154.    Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

155.    Plaintiffs possessed the following clearly established rights, guaranteed to them by the Constitution of the United States, at the time of the conduct complained herein:

156.    The right to bodily integrity and to be free from excessive force by law enforcement under the Fourth Amendment, Fourteenth Amendment; Fifth Amendment and Due Process requirements of the U.S. Constitution.

157.    The right to be free from malicious prosecution under the Fourteenth Amendment.

158.    The Defendants knew or should have known of these rights at the time of the complained conduct insofar as they were clearly established at that time, especially to Defendants as sworn law enforcement officers.

159.    The acts or omissions of these Defendants, as described herein, deprived Plaintiffs

of her constitutional and statutory rights and caused them other damages.

160.   The Defendants are not entitled to any immunity for the conduct complained herein.

161.   The Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate and willful indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiffs constitutional and federal rights as set forth herein, and in the other claims, which resulted from a conscious and deliberate choice to follow a course of action from among various alternative courses of conduct available.

162.   The Defendants, each and every one of them, acting in concert, jointly and severally, created and have unlawfully tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, and practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiffs and of the public generally.

163.   All Defendants acted in concert as part of the conspiracy to deprive Plaintiffs of her civil and constitutional rights.

## SEVENTH CAUSE OF ACTION
### *Excessive Force by Officers John Does 1 to 100*

164.   Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

165.   The Defendants present on the scene committed excessive force prohibited under D.C. law with regard to the permissible conduct of law enforcement.

## EIGHTH CAUSE OF ACTION

### *Intentional Infliction of Emotional Distress*
### *by Officers John Does 1 to 100*

166.    Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

167.    The Defendants on the scene – and other Defendants through their orders and instructions and misinformation intentionally, knowingly, and deliberately subjected the Plaintiffs to emotional distress.

168.    Recordings of radio conversations among law enforcement officers, provided to January 6 Defendants at least in part as required under *Brady v. Maryland*, show key leaders of the USCP and MPD and key officers on site like Thau and Glover lying over the air to officers to knowingly and intentionally whip law enforcement officers into a frenzy, panic, and/or hysteria to generate violence against otherwise peaceful demonstrators.

169.    For example, leaders of the USCP and MPD broadcast over the police radio in hysterical tones *"SHOTS FIRED!"* without informing the officers that it was a USCP police officer who fired his service weapon against Ashli Babbit, without warning as shown in video recordings, and without any justification since Ashli Babbit was clearly unarmed (using both hands to hold on to both sides of an empty window frame).

170.    Both in tone and content, key leaders led officers facing demonstrators to believe that the demonstrators were shooting at police officers – the opposite of the truth – provoking a violent response by law enforcement officers on January 6, 2021, which was in fact unjustified and unlawful.

171.    Those Defendants responsible for inciting law enforcement officers into committing violence against January 6 Demonstrators on Capitol Hill clearly knew that they were lying and clearly intended to provoke violence that day.

172.    Tracking the radio messages against the video recordings of actual events, it becomes clear that leaders among police officers "led" the events by several minutes – reporting circumstances and events to all officers *that had not yet occurred* so as to cause the violence, not report on it.

173.    One of the Defendants is seen on video recordings giving no warnings before using dangerous but misnamed "less than lethal weapons" but then reporting over the police radio that he had given warnings.  The video recordings show that that was a lie.  He repeated that lie on several different occasions.

174.    Therefore, Defendants' conduct was not accidental but intentional.

175.    Plaintiffs allege that the evidence will show that the officers intentionally sought to cause harm, terror, fear, and distress to previously-peaceful demonstrators out of a misguided desire to terrorize demonstrators into leaving.

### NINTH CAUSE OF ACTION
*Negligent Infliction of Emotional Distress*
*by Officers John Does 1 to 100*

176.    Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint with the same force and effect, as if fully set forth herein again at length.

177.    Plaintiffs repeat and re-allege all of the previous allegations of the EIGHTH Cause of Action with the same force and effect, as if fully set forth herein again at length.

178.    The Defendants on the scene and those other Defendants through their orders and instructions negligently subjected the Plaintiffs to emotional distress.

179.    If the allegations of the Eighth Cause of Action as proven rise only to the level of negligence rather than intention, Plaintiffs claim relief under Negligence Infliction of Emotional Distress.

## RESPONDEAT SUPERIOR LIABILTY AS TO ALL COUNTS

180.    For all Causes of action stated, Defendant District of Columbia and/or the U.S. Capitol Police are jointly and severally liable under the doctrine of *respondeat superior* for the aforementioned tortious acts and omissions of officers and their supervisors and agencies.

181.    Defendant District of Columbia is jointly and severally liable under the doctrine of *respondeat superior* for the aforementioned tortious acts and omissions of officers and their supervisors and agencies.

182.    Defendants U.S. Capitol Police, the United States of America, and the Federal Bureau of Investigation are jointly and severally liable under the doctrine of *respondeat superior* for the aforementioned tortious acts and omissions of officers and their supervisors and agencies.


## VI.    PRAYER FOR RELIEF

As a proximate result of the Defendants' unlawful conduct, Plaintiffs has suffered actual and physical and emotional injuries, and other damages and losses entitling them to compensatory and special damages, in amounts to be determined at trial.

WHEREFORE, Plaintiffs pray for relief and judgment against each of the Defendants, jointly and severally, as follows: general damages, special damages, punitive damages, pre-judgment and post-judgment interest as allowed by law, costs of suit incurred herein, in an aggregate amount of $250,000.00 per Plaintiff and up to $1,250,000 punitive, pain and suffering, emotional, so called in the law psychic injuries, reduced enjoyment of life and freedom to engage in normal life due to such lingering effects as Post-Traumatic Stress Disorder, and exemplary

damages, as may be proven at trial, attorneys' fees, costs, and any other further relief the Court

deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the

Defendants, each and every one of them, against the Plaintiffs. Plaintiffs also request injunctive

relief for improved training and supervision.

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury on all counts as to all issues so triable.

Dated: January 8, 2024                RESPECTFULLY SUBMITTED,

PLAINTIFFS, Pro Se

EDWARD JACOB LANG , Pro Se
RYAN SAMSEL , Pro Se
ISAAC THOMAS, Pro Se
RACHEL  MYERS, Pro Se
ZACHARY JORDAN ALAM,  Pro Se
CHRISTOPHER ALBERTS,  Pro Se
ERIC CLARK,  Pro Se
RACHEL POWELL, Pro Se
ETHAN BRAY,  Pro Se
CINDIE EVANGELISTA,  Pro Se
ALBERT EVANGELISTA,  Pro Se
CINDY LOU YOUNG,  Pro Se
DONALD HAZARD,  Pro Se
BARTON SHIVELY,  Pro Se
JAMES BRETT,  Pro Se
RONALD SANDLIN,  Pro Se
GABRIEL GARCIA,  Pro Se
GILBERT FONTICOBA,  Pro Se
GINA BISIGNANO,  Pro Se
JAMES BEEKS,  Pro Se
PETER HARDING,  Pro Se
ISAAC STEVE STURGEON, Pro Se
ROBERT MINUTA, Pro Se
HENRY MUNTZER, Pro Se
HECTOR VARGAS, Pro Se
TRICIA LACOUNT, Pro Se
ZACHARY REHL, Pro Se
JOSEPH BIGGS, Pro Se

RAECHEL GENCO, Pro Se
ETHAN NORDEAN, Pro Se
DOMINICK PEZZOLA, Pro Se
SUZAN MCCLAIN, Pro Se
SUZANNE  IANNI, Pro Se
DAVID  JUDD, Pro Se
RALLY RUNNER, Pro Se
JAMES MCGREW, Pro Se
JEFFREY SCOTT BROWN, Pro Se
MATTHEW THOMAS KROL, Pro Se
SHAWNDALE CHILCOAT, Pro Se
DONALD CHILCOAT, Pro Se
ELIAS COSTIANES, Pro Se
JOSHUA DOOLIN, Pro Se
JORGE RILEY, Pro Se
JAMES JUSTICE, Pro Se
TRACI SUNSTRUM , Pro Se


While seeking an attorney,
All c/o JAKE LANG
Post Office Box 485
Narrowsburg, NY 12764
Telephone: (602) 561-8202

## INDIVIDUAL SIGNATURES

/s/  Edward Jacob Lang

EDWARD JACOB LANG ,  Pro Se

**INDIVIDUAL SIGNATURES**

<u>                                        /s/   Ryan Samsel</u>
RYAN SAMSEL ,  Pro Se

**INDIVIDUAL SIGNATURES**

/s/  ISAAC THOMAS

ISAAC THOMAS,  Pro Se

**INDIVIDUAL SIGNATURES**

_____ /s/   RACHEL MYERS
RACHEL  MYERS,  Pro Se

**INDIVIDUAL SIGNATURES**

_____  /s/   Zachary Jordan Alam
ZACHARY JORDAN ALAM,  Pro Se

## INDIVIDUAL SIGNATURES

_____       /s/     Christopher Alberts

CHRISTOPHER ALBERTS,  Pro Se

**INDIVIDUAL SIGNATURES**

_____   /s/     Eric Clark
ERIC CLARK,  Pro Se

**INDIVIDUAL SIGNATURES**

_/s/_     Rachel Powell

RACHEL POWELL, Pro Se

**INDIVIDUAL SIGNATURES**

_____ /s/     Ethan Bray
ETHAN BRAY,  Pro Se

**INDIVIDUAL SIGNATURES**

_____   /s/    Cindie Evangelista

CINDIE EVANGELISTA,  Pro Se

## INDIVIDUAL SIGNATURES

_____/s/     Albert Evangelista

ALBERT EVANGELISTA,  Pro Se

**INDIVIDUAL SIGNATURES**


_____ /s/     Cindy Lou Young
CINDY LOU YOUNG,  Pro Se

## INDIVIDUAL SIGNATURES

_____   /s/     Donald Hazard
DONALD HAZARD,  Pro Se

## INDIVIDUAL SIGNATURES

/s/    Barton Shiveley

BARTON SHIVELY, Pro Se

## INDIVIDUAL SIGNATURES

_____  /s/    James Brett    _____
JAMES BRETT

**INDIVIDUAL SIGNATURES**

_____     /s/     Ronald Sandlin
RONALD SANDLIN, Pro Se

**INDIVIDUAL SIGNATURES**

_____     /s/     Gabriel Garcia
GABRIEL GARCIA

**INDIVIDUAL SIGNATURES**

_____     /s/     Gilbert Fonticoba
GILBERT FONTICOBA

## INDIVIDUAL SIGNATURES

_____ /s/     GINA BISGNANO
GINA BISIGNANO

**INDIVIDUAL SIGNATURES**

_____   /s/    PETER STAGER
PETER STAGER

## INDIVIDUAL SIGNATURES

_____   /s/     PETER HARDING
PETER HARDING

## INDIVIDUAL SIGNATURES

_____ /s/ ISAAC STEVE STURGEON
ISAAC STEVE STURGEON,  Pro Se

**INDIVIDUAL SIGNATURES**

_____  /s/    JAMES BEEKS
JAMES BEEKS,  Pro Se

## INDIVIDUAL SIGNATURES

_____  /s/    ROBERT MINUTA
ROBERT MINUTA,  Pro Se

## INDIVIDUAL SIGNATURES

_____   /s/   HENRY MUNTZER
HENRY MUNTZER,  Pro Se

**INDIVIDUAL SIGNATURES**

_____    /s/   HECTOR VARGAS
HECTOR VARGAS, Pro Se

## INDIVIDUAL SIGNATURES

_/s/_  TRICIA  LACOUNT
TRICIA LACOUNT, Pro Se

## INDIVIDUAL SIGNATURES

_____     /s/  Zachary Rehl
ZACHARY REHL, Pro Se

## INDIVIDUAL SIGNATURES

_____     /s/  Joseph Biggs

JOSEPH BIGGS, Pro Se

**INDIVIDUAL SIGNATURES**

_____ /s/  Raechel Genco

RAECHEL GENCO, Pro Se

## INDIVIDUAL SIGNATURES

                                        /s/  SUSAN MCCLAIN
SUZAN MCCLAIN, Pro Se

**INDIVIDUAL SIGNATURES**

_____  /s/  Ethan Nordeen

ETHAN NORDEAN, Pro Se

**INDIVIDUAL SIGNATURES**

_____   /s/ DOMINICK PEZZOLA
DOMINICK PEZZOLA, Pro Se

## INDIVIDUAL SIGNATURES

_____  /s/  SUZAN MCCLAIN
SUZAN MCCLAIN, Pro Se

## INDIVIDUAL SIGNATURES

_____ /s/  SUZANNE  IANNI
SUZANNE  IANNI, Pro Se

## INDIVIDUAL SIGNATURES

_____ /s/  DAVID JUDD

DAVID  JUDD, Pro Se

**INDIVIDUAL SIGNATURES**

_____    /s/  RALLY RUNNER
RALLY RUNNER, Pro Se

## INDIVIDUAL SIGNATURES

_____ /s/  JAMES MCGREW
JAMES MCGREW, Pro Se

## INDIVIDUAL SIGNATURES

_____    /s/ JEFFREY SCOTT BROWN
JEFFREY SCOTT BROWN, Pro Se

## INDIVIDUAL SIGNATURES

_____ /s/ Matthew Thomas Krol
MATTHEW THOMAS KROL, Pro Se

**INDIVIDUAL SIGNATURES**

_____ /s/  SHAWNDALE CHILCOAT
SHAWNDALE CHILCOAT, Pro Se

**INDIVIDUAL SIGNATURES**

_____ /s/  DONALD CHILCOAT
DONALD CHILCOAT, Pro Se

## INDIVIDUAL SIGNATURES

_____    /s/  ELIAS COSTIANES
ELIAS COSTIANES, Pro Se

## INDIVIDUAL SIGNATURES

_____ /s/ JOSHUA DOOLIN
JOSHUA DOOLIN, Pro Se

## INDIVIDUAL SIGNATURES

_____ /s/  JAMES JUSTICE
JAMES JUSTICE, Pro Se

## INDIVIDUAL SIGNATURES

_____ /s/  JORGE RILEY
JORGE RILEY, Pro Se

## INDIVIDUAL SIGNATURES

_____ /s/  TRACI SUNSTRUM
TRACI SUNSTRUM, Pro Se

DocuSign Envelope ID: 0B9739EB-DFB5-41B5-A910-97065D6A00ED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

  Et al.

                Plaintiffs,

        v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

Et al.

              Defendants.

Civil Action No.

_____

## ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT

1.    I  Zachary Rehl_____ make my claim as an additional Plaintiff against

the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands

for relief of the common Complaint.

2.    I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a

lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other

Plaintiffs speak for me.

3.    However, I join the common Complaint to meet the expected statute of limitations

deadline and because filing individual Complaints that are nearly the same would not be efficient

and would be confusing and unnecessary extra work.

4.    I understand that I can hire an attorney to pursue my claims and my lawyer may be able

to amend my own individual Complaint.

1

DocuSign Envelope ID: 0B9739EB-DFB5-41B5-A910-97065D6A00ED

5.      I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.


Dated: January 8, 2024                              Respectfully submitted,

                                                    DocuSigned by:

                                                    _____
                                                    E9D05462BE46441...


                                                    [If applicable]
                                                    By Power of Attorney:

                                                    DocuSigned by:

                                                    E9D05462BE46441...

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

Et al.

                 Plaintiffs,

        v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

Et al.

                 Defendants.

Civil Action No.

_____

## ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT

1.     I <u>   Reachal Genco              </u> make my claim as an additional Plaintiff against the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands for relief of the common Complaint.

2.     I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other Plaintiffs speak for me.

3.     However, I join the common Complaint to meet the expected statute of limitations deadline and because filing individual Complaints that are nearly the same would not be efficient and would be confusing and unnecessary extra work.

4.     I understand that I can hire an attorney to pursue my claims and my lawyer may be able to amend my own individual Complaint.

1

DocuSign Envelope ID: AE4B1F5D-01CF-4D13-8103-7A9A6797241A

5.      I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.


Dated: January 8, 2024                                    Respectfully submitted,

DocuSigned by:

_____
4279138D017C48C...


                                                         [If applicable]
                                                         By Power of Attorney:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLERK
U.S. DISTRICT & BANKRUPTCY
COURTS FOR DC

2024 JAN -9  A 12: 41

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

Et al.

Plaintiffs,

Civil Action No.

v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

Et al.

Defendants.

## ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT

1.    I    Type text here
SuZan McClain                    make my claim as an additional Plaintiff against

the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands

for relief of the common Complaint.

2.    I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a

lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other

Plaintiffs speak for me.

3.    However, I join the common Complaint to meet the expected statute of limitations

deadline and because filing individual Complaints that are nearly the same would not be efficient

and would be confusing and unnecessary extra work.

4.    I understand that I can hire an attorney to pursue my claims and my lawyer may be able

to amend my own individual Complaint.

1

5.      I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.


Dated: January 8, 2024                              Respectfully submitted,


                                                    [If applicable]
                                                    By Power of Attorney:

DocuSign Envelope ID: A3BDF8EB-407E-492C-9813-6917D86F6BFD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

    Et al.

                    Plaintiffs,

        v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

    Et al.

                  Defendants.

Civil Action No.

_____

## ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT

1.    I Suzanne Ianni _____ make my claim as an additional Plaintiff against the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands for relief of the common Complaint.

2.    I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other Plaintiffs speak for me.

3.    However, I join the common Complaint to meet the expected statute of limitations deadline and because filing individual Complaints that are nearly the same would not be efficient and would be confusing and unnecessary extra work.

4.    I understand that I can hire an attorney to pursue my claims and my lawyer may be able to amend my own individual Complaint.

1

DocuSign Envelope ID: A3BDF8EB-407E-492C-9813-6917D86F6BFD

5.     I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.


Dated: January 8, 2024                                Respectfully submitted,

DocuSigned by:

*Dugene E. Green*

66782ADCC597449...


[If applicable]
By Power of Attorney:

DocuSigned by:

*Dugene E. Green*

66782ADCC597449...

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

  Et al.

                    Plaintiffs,

        v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

Et al.

               Defendants.

Civil Action No.

_____

### ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT

1.    I  <u>   David Judd                 </u> make my claim as an additional Plaintiff against the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands for relief of the common Complaint.

2.    I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other Plaintiffs speak for me.

3.    However, I join the common Complaint to meet the expected statute of limitations deadline and because filing individual Complaints that are nearly the same would not be efficient and would be confusing and unnecessary extra work.

4.    I understand that I can hire an attorney to pursue my claims and my lawyer may be able to amend my own individual Complaint.

DocuSign Envelope ID: 90CD8D85-DE15-43FE-ADFC-00D172EE6196

5.     I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.


Dated: January 8, 2024                         Respectfully submitted,

                                               DocuSigned by:

                                               8BC0C7AD3974446...


                                               [If applicable]
                                               By Power of Attorney:

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

  Et al.

               Plaintiffs,

      v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

  Et al.

            Defendants.

Civil Action No.

_____

**ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT**

1.    I _Rally Runner_ make my claim as an additional Plaintiff against

the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands

for relief of the common Complaint.

2.    I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a

lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other

Plaintiffs speak for me.

3.    However, I join the common Complaint to meet the expected statute of limitations

deadline and because filing individual Complaints that are nearly the same would not be efficient

and would be confusing and unnecessary extra work.

4.    I understand that I can hire an attorney to pursue my claims and my lawyer may be able

to amend my own individual Complaint.

5.      I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.


Dated: January 8, 2024                             Respectfully submitted,


                                                   [If applicable]
                                                   By Power of Attorney:

**INDIVIDUAL SIGNATURES**

_/s/  RALLY RUNNER

RALLY RUNNER, Pro Se

DocuSign Envelope ID: 6C5BE96A-975E-44B1-9CA5-B01112EA781F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

  Et al.

                     Plaintiffs,

        v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

  Et al.

                 Defendants.

Civil Action No.

_____

### ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT

1.    I __James Mcgrew_____ make my claim as an additional Plaintiff against the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands for relief of the common Complaint.

2.    I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other Plaintiffs speak for me.

3.    However, I join the common Complaint to meet the expected statute of limitations deadline and because filing individual Complaints that are nearly the same would not be efficient and would be confusing and unnecessary extra work.

4.    I understand that I can hire an attorney to pursue my claims and my lawyer may be able to amend my own individual Complaint.

1

DocuSign Envelope ID: 6C5BE96A-975E-44B1-9CA5-B01112EA781F

5.      I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.


Dated: January 8, 2024                                          Respectfully submitted,

                                                                [If applicable]
                                                                By Power of Attorney:

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

2024 JAN -9  A 12: 41

RECEIVED

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

Et al.

Civil Action No.

_____

Plaintiffs,

v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

Et al.

Defendants.

## ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT

1.    I    Shawndale Chilcoat _____ make my claim as an additional Plaintiff against

the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands

for relief of the common Complaint.

2.    I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a

lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other

Plaintiffs speak for me.

3.    However, I join the common Complaint to meet the expected statute of limitations

deadline and because filing individual Complaints that are nearly the same would not be efficient

and would be confusing and unnecessary extra work.

4.    I understand that I can hire an attorney to pursue my claims and my lawyer may be able

to amend my own individual Complaint.

1

DocuSign Envelope ID: D4124198-9FCA-46E9-9617-21F3EDFB11CF

5.      I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.

Dated: January 8, 2024                              Respectfully submitted,

                                                    DocuSigned by:

                                                    _Olen Arstrut_____
                                                    722C34E0CB8B4FD...

                                                    [If applicable]
                                                    By Power of Attorney:

                                                    DocuSigned by:

                                                    _Olen Arstrut_
                                                    722C34E0CB8B4FD...

DocuSign Envelope ID: 4056A7DD-2A93-476B-92B2-D13C99C5E0E9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

  Et al.

                    Plaintiffs,

        v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

Et al.

                Defendants.

Civil Action No.

_____

**ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT**

1.    I _Donald Chilcoat_____ make my claim as an additional Plaintiff against

the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands

for relief of the common Complaint.

2.    I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a

lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other

Plaintiffs speak for me.

3.    However, I join the common Complaint to meet the expected statute of limitations

deadline and because filing individual Complaints that are nearly the same would not be efficient

and would be confusing and unnecessary extra work.

4.    I understand that I can hire an attorney to pursue my claims and my lawyer may be able

to amend my own individual Complaint.

5.   I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.


Dated: January 8, 2024                         Respectfully submitted,


                                               [If applicable]
                                               By Power of Attorney:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

   Et al.

                Plaintiffs,

      v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

Et al.

            Defendants.

Civil Action No.

1: 24-cv-295

---

### ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT

1.    I _____ make my claim as an additional Plaintiff against the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands for relief of the common Complaint.

2.    I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other Plaintiffs speak for me.

3.    However, I join the common Complaint to meet the expected statute of limitations deadline and because filing individual Complaints that are nearly the same would not be efficient and would be confusing and unnecessary extra work.

4.    I understand that I can hire an attorney to pursue my claims and my lawyer may be able to amend my own individual Complaint.

**RECEIVED**

JAN 30 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia



1

5.     I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.


Dated: January 8, 2024                              Respectfully submitted,


                                                    [If applicable]
                                                    By Power of Attorney:

DocuSign Envelope ID: 76C95403-EDFD-4378-80C6-81068F308CDD

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CLERK
U.S. DISTRICT & BANKRUPTCY
COURTS FOR DC

EDWARD JACOB LANG
Post Office Box 485
Narrowsburg, NY 12764

Et al.

                        Plaintiffs,

        v.

SARGEANT DANIEL THAU,
Metropolitan Police Department
441 4th Street, NW, 7th Floor
Washington, DC 20001

Et al.

                  Defendants.

2024 JAN -9  A 12: 41

RECEIVED

Civil Action No.

_____

## ADDITIONAL PLAINTIFF JOINING IN THE COMPLAINT

1.    I ___Traci Sunstrum_____ make my claim as an additional Plaintiff against the Defendants as alleged in the Complaint, by joining in the allegations and claims and demands for relief of the common Complaint.

2.    I am suing for my own physical injuries and/or chemical gas injuries *pro se* without a lawyer, and I do not speak for or represent any of the other Plaintiffs, and none of the other Plaintiffs speak for me.

3.    However, I join the common Complaint to meet the expected statute of limitations deadline and because filing individual Complaints that are nearly the same would not be efficient and would be confusing and unnecessary extra work.

4.    I understand that I can hire an attorney to pursue my claims and my lawyer may be able to amend my own individual Complaint.

5.      I am suing because some members of the Washington, D.C. Metropolitan Police

Department and a very few members of the U.S. Capitol Police Department initiated excessive

use of force and violence, and I and others were injured psychologically, physically, or

chemically by the Defendants and not as part of actions initiated by the Plaintiff.


Dated: January 8, 2024                          Respectfully submitted,

                                                DocuSigned by:

                                                AD6C6FB0EF3045E...


                                                [If applicable]
                                                By Power of Attorney: