## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **EDWARD JACOB LANG, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. :  1:24-CV-00295-DLF** |
| **DANIEL THAU,** **Sergeant, Metropolitan Police** **Department, et al.,** | |
| **Defendants.** | |

### PLAINTIFFS' MOTION TO REINSTATE COMPLAINT

Now comes Plaintiffs, by and through undersigned counsel, and pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, respectfully asks the Court to enter an Order reinstating Plaintiffs' Complaint against the Defendants, stating as follows:

1.     On January 5, 2024, Plaintiffs, Jake Lang, and others, filed a pro se complaint for civil rights violations against the Defendants.

2.     On January 9, 2024, Plaintiffs filed an *amended complaint*, also pro se.

3.     Plaintiffs then sought leave to file a Second Amended Complaint, pro se, which was granted, and the complaint was filed on February 6, 2024.

4.     On April 29, 2024, the Court dismissed with prejudice all of the Plaintiffs' complaint and claims on the basis that the Plaintiff had not provided a phone number on the caption.  That was the extent of the reasoning in the Minute Order.

5.     Reinstatement of a complaint dismissed without prejudice may be sought pursuant to Fed. R. Civ. P. 60(b).  The six bases for reconsideration are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

6.   "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).

7.   "[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (footnote omitted).   To demonstrate extraordinary circumstances, one supporting a motion must show "extreme and unexpected hardship will result."

8.   Precluding adjudication on the merits is one, among other reasons.

9.   Here there are multiple plaintiffs pro se, not just the primary.

10.   Furthermore, the primary plaintiff was incarcerated and placed into solitary confinement after filing his complaint.

11.   Finally, the Court dismissed on the basis that Plaintiff Lang could not provide a phone number for contact on the caption.   But, the fact is that no one could contact Plaintiff even if he had given a number because he was incarcerated.   He did provide a mailing address, but there is no way a phone number would have been helpful in any event.   Lack of a phone number in this case was totally irrelevant, because even if there had been a "phone number," given for the jail, there is no guarantee that any calls to that number would have gotten through, much less reached Plaintiff.

12.   The purpose of the phone number and mailing address is to be contacted by opposing counsel.  Usually, a mailing address will be sufficient to allow a party to receive notice.

13.   The fact is Plaintiff Lang was incarcerated, in solitary confinement, and was unable to be reached by anyone, much less provide a phone number.

14.   The fact that the single plaintiff has not been able to disclose his phone number is not a  basis to dismiss all the claims as to all the plaintiffs.  This in itself is a reason that justifies relief.

15.   Furthermore, the claims should be adjudicated and unexpected and extreme hardship will result if these Plaintiffs, most of whom are incarcerated, are not allowed to pursue their legitimate claims in this lawsuit.

16.   None of the Defendants will be harmed by allowing reinstatement.

17.   Furthermore, the three criteria have been met in which a complainant is incarcerated and unable to correct defective pleadings otherwise filed.  Here, Plaintiff Lang was placed into solitary confinement after he filed the complaint and from time to time thereafter.

18.   Finally, service was effectuated as of or before the May 6 deadline previously established by the Court.  (Exhibit 1, Attached Proofs of Service).

19.   The Plaintiff is providing proof of compliance with April 7 MINUTE ORDER to demonstrate that proofs of service were being made prior to or before this day, and to file proof of same with the Court on this day, 6 May 2024.

20.   Undersigned is filing an appearance and seeking reinstatement of the complaint.

WHEREFORE, for the reasons stated herein, good cause being shown, Plaintiffs request this Court to reinstate the complaint.

Respectfully submitted,

/s/ Stefanie Lambert

Law Offices of Stefanie L. Lambert, PLLC
400 Renaissance Drive, FLOOR 26
Detroit, MI 48243
attorneylambert@protonmail.com

Dated:  May 6, 2024