UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD JACOB LANG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DANIEL THAU, Sergeant, Metropolitan Police Department, et al.,<br><br>    Defendants. | Civil Action No. 24-0295 (DLF) |

### FEDERAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REINSTATE COMPLAINT

Federal Defendants, by and through the undersigned counsel, hereby file this memorandum in opposition to Plaintiffs' Motion to Reinstate Complaint, ECF No. 11. Plaintiffs offer no explanation to excuse their non-compliance with the Local Rules or with the Court's orders. Therefore, for the reasons discussed further below, Defendants respectfully request that the Court deny Plaintiffs' Motion.

### PROCEDURAL BACKGROUND

On January 5, 2024, Plaintiffs filed a complaint, alleging both Bivens and tort claims against the District of Columbia, officials and officers of the District of Columbia Metropolitan Police Department, and officials and officers of the U.S. Capitol Police. ECF No. 1, Compl. On January 9, 2024, Plaintiffs filed an amended complaint, adding eighteen plaintiffs, several factual allegations, and one cause of action. *Compare id. with* ECF No. 2, Am. Compl.; *see* List of Pls. (attached hereto as Ex. A). On February 5, 2024, twenty-six individuals filed a motion for joinder. ECF No. 4, Mot. for Joinder. On the same day, Plaintiffs filed a second amended complaint,

adding forty-five plaintiff and removing thirteen plaintiffs. *Compare* Am. Compl. *with* ECF No. 5, 2d Am. Compl; *see* List of Pls.

On April 7, 2024, the Court ordered Plaintiffs to demonstrate proof of service or good cause for their failure to serve by May 6, 2024. Min. Order (Apr. 7, 2024). On April 15, 2024, the Court ordered Plaintiffs to "show cause why the case should not be dismissed for failure to comply with Local Rule 5.1(c)(1)" on or before April 29, 2024. Min. Order (Apr. 15, 2024). On April 30, 2024, the Court dismissed Plaintiffs' case without prejudice for failure to comply with the Court's April 15, 2024, Minute Order. Min. Order (Apr. 30, 2024).

On May 6, 2024, Plaintiffs filed a motion for relief from the Court's judgment. ECF No. 11, Motion to Reinstate Complaint ("Pls.' Mot.").[1]

## LEGAL STANDARD

Rule 60(b) of the Federal Rule of Civil Procedure provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] For the purposes of this opposition, Defendants presume that the motion is on behalf of all plaintiffs. On May 6, 2024, counsel Stefanie Lambert entered her notice of appearance on behalf of Plaintiff Edward Jacob Lang. ECF No. 10, Notice of Appearance (listing "Plaintiff Jake Lang"). On May 15, 2024, Ms. Lambert entered her notice of appearance on behalf of all Plaintiffs. ECF No. 15, Notice of Appearance (listing "Plaintiffs, Edward Jacob Lang, et al."). However, Ms. Lambert indicated that she is representing individuals, who removed themselves from the litigation. *Compare* Docket (noting Ms. Lambert represents Albert Evangelista and Robert Minuta) *with* List of Pls. (noting that Ethan Bray, Albert Evangelista, and Robert Minuta are removed from the 2d Am. Compl.).

2

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The party seeking relief from judgment bears the burden of proof.  *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383–84 (1992); *see also United States v. 8 Gilcrease Lane*, 668 F. Supp. 2d 128, 130–131 (D.D.C. 2009); *Mazengo v. Mzengi*, 542 F. Supp. 2d 96, 100 n.3 (D.D.C. 2008).

**ARGUMENT**

In the first instance, the Court should consider Plaintiffs' motion under Rule 60(b)(1) and not Rule 60(b)(6).  Rule 60(b)(6) relief may be available "only when Rules 60(b)(1) through (b)(5) are inapplicable."  *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U. S. 847, 863, n.11 (1988)).  Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  The Court dismissed Plaintiffs' Second Amended Complaint for failure to timely respond to the Court's order to show cause for non-compliance with Local Civil Rule 5.1(c)(1).  Minute Order (Apr. 30, 2024).  As such, Plaintiffs' motion is best characterized as seeking relief due to excusable neglect for failure to timely respond to the Court's order and to comply with Local Civil Rule 5.1(c)(1).  *See Stevens v. Miller*, 676 F.3d 62, 67–8 (2d Cir. 2012) ("Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed.") (quotations and citations omitted)).

Plaintiffs fail to demonstrate that the Court should grant the relief under Rule 60(b)(1), which "is rare."  *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006).  "For th[e] purpose [of Rule 60(b)(1)], excusable neglect usually requires more than 'inadvertence, ignorance of the rules, or

3

mistakes construing the rules.'" *In re Akers*, Civ. A. No. 19-3190 (DLF), 2022 WL 17851468, at *1 (D.D.C. Mar. 9, 2022) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993)).  Importantly, "status as a pro se litigant 'does not constitute a license . . . to ignore the Federal Rules of Civil Procedure,' the court's local rules, and orders." *Mischler v. Pence*, Civ. A. No. 20-1863 (TSC), 2022 WL 123891, at *3 (D.D.C. Jan. 13, 2022), *aff'd* No. 22-5042, 2023 WL 5212592 (D.C. Cir. Aug. 3, 2023) (quoting *Moore v. Robbins*, 24 F. Supp. 3d 88, 97 (D.D.C. 2014) (cleaned up)).  Moreover, "under the Federal Rules of Civil Procedure and the Local Rules, the court has the discretion to dismiss a complaint with prejudice when a plaintiff fails to prosecute the complaint, fails to follow the federal rules or fails to follow court orders." *Akers v. Liberty Mut. Group*, 274 F.R.D. 346, 349 (D.D.C. 2011) (citations omitted).  And, "[t]he court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011).

First, Plaintiffs have made no attempt to comply with or to seek relief from Local Civil Rule 5.1(c)(1).  Only Plaintiff Lang has listed an address, noting a post office box for his address.  But, "[a] post office box is not a residence address and does not comply with [the local rules]." *Foxworth v. U.S. Park Police*, Civ. A. No. 89-1497 (RCL), 1989 U.S. Dist. LEXIS 9648, *2 (D.D.C. Aug. 14, 1989); *see Manuel v. United States*, Civ. A. No. 22-03619 (UNA), 2022 WL 17978830, at *1 (D.D.C. Dec. 27, 2022) ("On December 5, 2022, the court noted that plaintiff had only listed a post office box, located in Long Beach, California, rather than a residence address, as required by D.C. Local Civil Rule 5.1(c)(1).").

Moreover, Plaintiffs offer no explanation why no Plaintiff except for Plaintiff Lang did not list a residence address or provide a phone number or why Plaintiff Lang did not seek leave to use

4

a post office box.  *See generally* Pls.' Mot.; *see Manuel*, 2022 WL 17978830, at *1 ("Plaintiff has now filed the required motion, ECF No. 4, but plaintiff's submission contains no argument or justification in support of the request [to proceed with post office box].  The motion will therefore be denied, and this case may be dismissed for that reason alone.") (citing LCvR 5.1(c)(1)).  Further Plaintiff Lang's excuse that even if he listed a correct phone number, it would not have mattered because he was incarcerated is unavailing.  Pls.' Mot. at 2.  Plaintiff Lang cannot shirk his responsibility to comply with the Local Civil Rules.  *Cf. Plummer v. Ochsenschlager*, Civ. A. No. 18-1962(TNM), 2019 U.S. Dist. LEXIS 27990, at *1 (D.D.C. Feb. 22, 2019) ("[I]t is the Plaintiff's responsibility to provide the name and full address of each party, and his failure to do so may result in dismissal of the case.") (citing LCvR 5.1(c)(1)).

Second, Plaintiffs offer no plausible explanation for their lack of response to the Court's order.  Plaintiffs explain their lack of timely compliance because "the primary plaintiff was incarcerated and placed into solitary confinement after filing his complaint."  Pls.' Mot. at 2; *see id.* at 3 ("Plaintiff Lang was placed into solitary confinement after he filed the complaint and from time to time thereafter.").  However, incarceration is not an excuse for non-compliance.  *See In re Akers*, 2022 WL 17851468, at *1 ("Although Akers notes that she was incarcerated and proceeding pro se, see Appellant's Reply at 2, Dkt. 21, 'neither simple incarceration nor lack of legal counsel . . ., by themselves, provide the requisite good cause' for relief from judgment.") (quoting *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).  And, each Plaintiff had an obligation to comply and to monitor the docket—not just Plaintiff Lang.  *See Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 244 (D.D.C. 2005) ("Parties have an obligation to monitor the court's docket and keep apprised of relevant deadlines.").

5

Moreover, Plaintiff Lang has been in confinement since his arrest on January 16, 2021, *see United States v. Lang*, Crim. No. 21-0053 (CJN) (D.D.C.), Dkt., and he appears to have been in solitary confinement since October 2023, *see id.*, ECF No. 125, Mot. to Renew & Reconsider Req. for Immediate Release at 1 (noting Plaintiff Lang has been in solitary confinement "for the last four months" as of the date of filing, which was February 2, 2024).  Yet, Plaintiff Lang made no attempt to inform the Court that his incarceration might hinder his ability to prosecute his case. "[A] party that . . . has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after a[] . . . judgment has been handed down." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (citations omitted); *see id.* ("Rule 60(b) cannot, therefore, be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.").  But, it is apparent that his incarceration has not impacted his ability because throughout this period, Plaintiff Lang has been able to file the Complaint, the Amended Complaint, and the Second Amended Complaint, which required him to communicate with the other individuals because plaintiffs have been added to or removed from the litigation. *See* List of Pls.

Further, Plaintiffs failure to comply is a result of their own actions to not properly list a residence address or phone number.  A plaintiff cannot claim excusable neglect when they are solely at fault. *See Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003) (describing fault as the "key factor" in excusable neglect analysis).  Put simply, the cause of Plaintiffs' non-compliance stems from their failure to provide the Court the residence and phone number.

As such, Plaintiffs do not meet the standards prescribed under Rule 60(b)(1) for relief.[2]

---

[2] To the extent that the Court determines relief is appropriate, the Court should limit relief solely to Plaintiff Lang, who is the only Plaintiff to even attempt to provide an explanation for their non-compliance.

6

## CONCLUSION

For the reasons discussed above, the Court should deny Plaintiffs' Motion.

Dated: May 20, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      /s/ Joseph F. Carilli, Jr.
     JOSEPH F. CARILLI, JR.
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-2525

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD JACOB LANG, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>DANIEL THAU, Sergeant, Metropolitan Police Department, et al.,<br><br>      Defendants. | Civil Action No. 24-0295 (DLF) |

## [PROPOSED] ORDER

UPON CONSIDERATION of Plaintiffs' Motion to Reinstate the Complaint, and the entire record herein, and for good cause shown, it is hereby: ORDERED that Plaintiffs' Motion is DENIED.

SO ORDERED:

_____                                        _____
Date                                                                     DABNEY L. FRIEDRICH
                                                                             United States District Judge