# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EDWARD JACOB LANG, *et al.*,

    *Plaintiffs*,

v.

DANIEL THAU, Sergeant, Metropolitan Police Department, *et al.*,

    *Defendants.*

No. 24-cv-295 (DLF)

## ORDER

A group of participants in the January 6, 2021 riot at the United States Capitol brought this *pro se* suit against officers of the U.S. Capitol Police and Metropolitan Police Department for alleged injuries sustained during the riot. On April 15, 2024, the Court warned the plaintiffs that they had not complied with Local Civil Rule 5.1(c)(1), which requires a *pro se* plaintiff to provide his address and telephone number in an initial filing. Specifically, the lead plaintiff Edward Jacob Lang listed a noncurrent address, which failed to reflect that he is presently imprisoned, and provided an incorrect telephone number. The plaintiffs failed to cure this defect before the deadline, and the Court accordingly dismissed the case without prejudice on April 30, 2024. A week later, Stefanie Lambert entered an appearance on behalf of the plaintiffs and filed a Motion to Reinstate Complaint, Dkt. 11. The Court also received an email from counsel for William Robert Norwood, an alleged plaintiff in this case. Mr. Norwood's counsel represents that his "name and alleged signature is being used" "fraudulently, and without his consent, knowledge, or authorization." For the reasons that follow, the Court will deny the plaintiffs' motion to reinstate.

"[T]he Federal Rules do not include a motion to reinstate a case," but the D.C. Circuit has construed such motions as arising under Rules 59(e) and 60(b). *Morrissey v. Mayorkas*, 17 F.4th 1150, 1158 (D.C. Cir. 2021) (Rule 59(e)); *see United States v. 8 Gilcrease Lane, Quincy, Fla. 32351*, 638 F.3d 297, 301 (D.C. Cir. 2011) (Rule 60(b)). The timing of such a motion dictates which Rule applies. If the movant seeks relief within twenty-eight days of the challenged ruling, Rule 59(e) applies. *See Slate v. ABC*, 12 F. Supp. 3d 30, 37 (D.D.C. 2013); Fed. R. Civ. P. 59(e). Outside that window, Rule 60(b) applies. *See Slate*, 12 F. Supp. 3d at 37. Here, both parties assume that Rule 60(b) is the relevant standard, but the plaintiffs' motion was filed on May 6, 2024, six days after the Court's April 30, 2024 order dismissing this action. As such, Rule 59(e) appears to apply. But whichever standard governs, the plaintiffs' motion fails.

To start, the plaintiffs cannot satisfy Rule 59(e). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (cleaned up). The plaintiffs raise no intervening change in law nor new evidence not previously available. Their motion thus appears to hinge on the need to correct "a clear error or prevent manifest injustice." *Id.* To constitute "clear error," a final judgment "must be dead wrong," *Nanko Shipping, USA v. Alcoa, Inc.*, 118 F. Supp. 3d 372, 375 (D.D.C. 2015) (cleaned up), and "manifest injustice" is "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law," *Slate*, 12 F. Supp. 3d at 35–36.

The plaintiffs cannot pass this bar. Nowhere in their motion do they suggest the Court improperly applied the letter of the Local Civil Rules, thereby forfeiting any "clear error" argument. Instead, they emphasize that "Plaintiff Lang was incarcerated, in solitary confinement"

2

and was thus "unable to be reached by anyone, much less provide a phone number." Pls.' Mot. to Reinstate Compl. ¶ 13. The "[l]ack of a phone number . . . was totally irrelevant" because "there [was] no guarantee that any calls to that number would have gotten through, much less reached" Lang in prison. *Id.* ¶ 11. This argument, which sounds in "manifest injustice," fails to persuade. Far from "fundamentally unfair," the Court's ruling is a direct result of Lang's failure to comply with the Local Civil Rules and this Court's orders. To start, even assuming the Court waives the telephone-number requirement, Lang's provided "address" is a post-office box, not his place of imprisonment. *See* Second Am. Compl. at 44, Dkt. 5. The plaintiffs assert that "a mailing address will be sufficient to allow a party to receive notice," Mot. to Reinstate Compl. ¶ 12, but a "Post Office Box address does not constitute a full and correct residence address for purposes of the Local Rules," *Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d 451, 454 (D.D.C. 2015). The plaintiffs provide no reason why the residence-address requirement should be set aside, and the Court would be remiss not to mention that *pro se* prisoners routinely comply with it. *See, e.g.*, *Groenendal v. EOUSA*, No. 20-cv-1030, 2024 WL 1299333 (D.D.C. Mar. 27, 2024). Indeed, Lang's failure to indicate that he initially proceeded as a *pro se* prisoner had the effect of misleading the Court about his incarcerated status—preventing a proper application of the screening procedures provided in 28 U.S.C. § 1915.

Moreover, Lang's incarceration does not, standing alone, provide an equitable basis for relief from the Local Civil Rules. *See In re Akers*, No. 19-cv-3190, 2022 WL 17851468, at *1 (D.D.C. Mar. 9, 2022) ("[N]either simple incarceration nor lack of legal counsel . . . , by themselves, provide the requisite good cause for relief from judgment." (cleaned up)). Lang has been detained since January 16, 2021, and he was apparently moved to solitary confinement in October 2023—approximately two months before this action was filed. *See* Defs.' Opp'n at 6,

3

Dkt. 15.  Despite being in solitary confinement, he nevertheless brought this action but failed to keep the Court apprised of his status.  Lang, who "has not presented known facts helpful to [his] cause when [he] had the chance," cannot avail himself of a motion for reconsideration "after an adverse judgment has been handed down."  *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (cleaned up).  Further, the Court is deeply concerned by the unrebutted allegation that a motion to join was filed in Norwood's name without his consent and with a potentially forged signature.  The plaintiffs offer no explanation as to what occurred, *see* Joint Status Report at 2, Dkt. 14, and the Court will not reinstate an action under such dubious circumstances.  The more prudent course is for Lang and any other consenting individuals to refile this action in compliance with the Local Rules.  The Court thus concludes that the plaintiffs have failed to satisfy Rule 59(e)'s requirements for reinstatement of the Complaint.

      For similar reasons, the plaintiffs cannot overcome the stricter Rule 60(b) standard.  Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of six enumerated reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . . misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reasons that justifies relief."  Fed. R. Civ. P. 60(b).  Although they invoke Rule 60(b)(6) for alleged "extraordinary circumstances," the plaintiffs' motion largely gestures toward Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  "[E]xcusable neglect is understood to encompass situations in which the failure to comply with a filing deadline

4

is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (cleaned up).  It is "not a vehicle for raising new legal theories," and "a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief." *Munoz v. Bd. of Trs. of Univ. of D.C.*, 730 F. Supp. 2d 62, 66–67 (D.D.C. 2010).  Neither Rule 60(b)(1) nor 60(b)(6) forms a basis for relief.

As the Court informed the plaintiffs, *see* Min. Order of Apr. 15, 2024, *pro se* plaintiffs are not exempt from the Federal Rules of Civil Procedure nor the Local Civil Rules, *see Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016).  The plaintiffs offer no explanation for their failure to comply.  As explained *supra*, Lang's incarceration and solitary confinement—conditions preceding the filing of the Complaint and subsequent filings—are not adequate bases for relief.  Also, the plaintiffs besides Lang offer zero explanation as to why they could not have complied with the relevant rules.  *See Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 244 (D.D.C. 2005) ("Parties have an obligation to monitor the court's docket and keep apprised of relevant deadlines.").  Ultimately, Lang made the choice to pursue this action during his imprisonment, and he did so without a proper accounting of the Local Civil Rules and the fulsome consent of his alleged co-plaintiffs.  Rule 60(b)(1) and (6) cannot "rescue" him from these choices "that later turn[ed] out to be improvident." *Nursing Home, Inc.*, 636 F. 2d at 577.

Accordingly, it is

**ORDERED** that the plaintiffs' Motion to Reinstate Complaint, Dkt. 11, is **DENIED**.

June 19, 2024

DABNEY L. FRIEDRICH
United States District Judge

5