APPEAL,CLOSED,JURY,PROSE–NP,TYPE–F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:24–cv–00295–DLF</u>
### *Internal Use Only*

LANG et al v. THAU et al

Assigned to: Judge Dabney L. Friedrich

Demand: $25,000,000

Cause: 42:1983 Civil Rights Act

Date Filed: 01/05/2024

Date Terminated: 04/30/2024

Jury Demand: Plaintiff

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**EDWARD JACOB LANG**

represented by **EDWARD JACOB LANG**
P.O. BOX 485
Narrowsburg, NY 12764
PRO SE

**Stefanie Lynn Junttila**
LAW OFFICE OF STEFANIE L.
LAMBERT PLLC
400 Renaissance Center
Suite Fl. 26
Detroit, MI 48243
313–410–6872
Email: attorneylambert@protonmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**RYAN SAMSEL**

represented by **RYAN SAMSEL**
PRO SE

**Stefanie Lynn Junttila**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**ISAAC THOMAS**

represented by **ISAAC THOMAS**
PRO SE

**Stefanie Lynn Junttila**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**RACHEL MEYERS**

represented by

**RACHEL MEYERS**
PRO SE

**Stefanie Lynn Junttila**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ZACHARY JORDAN ALAM**               represented by   **ZACHARY JORDAN ALAM**
PRO SE

**Stefanie Lynn Junttila**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CHRISTOPHER ALBERTS**               represented by   **CHRISTOPHER ALBERTS**
PRO SE

**Stefanie Lynn Junttila**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ERIC CLARK**               represented by   **ERIC CLARK**
PRO SE

**Stefanie Lynn Junttila**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RACHEL POWELL**               represented by   **RACHEL POWELL**
PRO SE

**Stefanie Lynn Junttila**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ETHAN BRAY**               represented by   **ETHAN BRAY**
PRO SE

**Stefanie Lynn Junttila**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALBERT EVANGELISTA**                 represented by   **ALBERT EVANGELISTA**
                                                        PRO SE

                                                        **Stefanie Lynn Junttila**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**CINDY LOU YOUNG**                    represented by   **CINDY LOU YOUNG**
                                                        PRO SE

                                                        **Stefanie Lynn Junttila**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DONALD HAZARD**                      represented by   **DONALD HAZARD**
                                                        PRO SE

                                                        **Stefanie Lynn Junttila**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**BARTON SHIVELY**                     represented by   **BARTON SHIVELY**
                                                        PRO SE

                                                        **Stefanie Lynn Junttila**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**JAMES BRETT**                        represented by   **JAMES BRETT**
                                                        PRO SE

                                                        **Stefanie Lynn Junttila**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Plaintiff**

**RONALD SANDLIN**                           represented by   **RONALD SANDLIN**
                                                              PRO SE

                                                              **Stefanie Lynn Junttila**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**GABRIEL GARCIA**                           represented by   **GABRIEL GARCIA**
                                                              PRO SE

                                                              **Stefanie Lynn Junttila**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**GILBERT FONTICOBA**                        represented by   **GILBERT FONTICOBA**
                                                              PRO SE

                                                              **Stefanie Lynn Junttila**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**GINA BISIGNANO**                           represented by   **GINA BISIGNANO**
                                                              PRO SE

                                                              **Stefanie Lynn Junttila**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**PETER STAGER**                             represented by   **PETER STAGER**
                                                              PRO SE

                                                              **Stefanie Lynn Junttila**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Plaintiff**

**JAMES BEEKS**                              represented by   **JAMES BEEKS**
                                                              PRO SE

                                                              **Stefanie Lynn Junttila**
                                                              (See above for address)

4

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

PETER HARDING                     represented by  **PETER HARDING**
                                                  PRO SE

                                                  **Stefanie Lynn Junttila**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

ISAAC STEVE STURGEON              represented by  **ISAAC STEVE STURGEON**
                                                  PRO SE

                                                  **Stefanie Lynn Junttila**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

ROBERT MINUTA                     represented by  **ROBERT MINUTA**
                                                  PRO SE

                                                  **Stefanie Lynn Junttila**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

HENRY MUNTZER                     represented by  **HENRY MUNTZER**
                                                  PRO SE

                                                  **Stefanie Lynn Junttila**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

**Plaintiff**

ALL PLAINTIFFS                    represented by  **Stefanie Lynn Junttila**
                                                  (See above for address)
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**DANIEL THAU**
*Sargeant, Metropolitan Police Department*

**Defendant**

**ROBERT GLOVER**
*Metropolitan Police Department*

**Defendant**

**PAMELA A. SMITH**
*Chief, Metropolitan Police Department*

**Defendant**

**ROBERT J. CONTEE, III**
*Former Chief, Metropolitan Police Department*

**Defendant**

**FRANK EDWARDS**
*Metropolitan Police Department*

**Defendant**

**JIMMY CRISMAN**
*Officer, Metropolitan Police Department*

**Defendant**

**PAUL RILEY**
*Sargeant, Metropolitan Police Department*

**Defendant**

**TARA TINDALL**
*Metropolitan Police Department*

**Defendant**

**LILA MORRIS**
*Metropolitan Police Department*

**Defendant**

**JASON BAGSHAW**
*LT, Metropolitan Police Department*

**Defendant**

**JOHN DOES 1–50**
*Officer, Metropolitan Police Department*

**Defendant**

**DISTRICT OF COLUMBIA**
*A Municipal Corporation, as Employer of*
*Metropolitan Police Department Officers*

**Defendant**

**UNITED STATES CAPITOL**               represented by   **Joseph F. Carilli , Jr.**
**POLICE**                                               UNITED STATES ATTORNEY'S
                                                         OFFICE
                                                         Civil Division
                                                         601 D Street, NW
                                                         Washington, DC 20001
                                                         202–252–2525
                                                         Email: joseph.carilli@usdoj.gov
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**J. THOMAS MANGER**
*Chief, U.S. Capitol Police*

**Defendant**

**YOGANANDA PITTMAN**
*Former Chief, U.S. Capitol Police*

**Defendant**

**ERIC WALDO**
*Deputy Chief, U.S. Capitol Police*

**Defendant**

**THOMAS LOYD**
*Inspector, U.S. Capitol Police*

**Defendant**

**BRYANT WILLIAMS**
*U.S. Capitol Police*

**Defendant**

**MICHAEL LEROY BYRD**
*LT, U.S. Capitol Police*

**Defendant**

**THOMAS A. DIBIASE**
*General Counsel, U.S. Capitol Police*

**Defendant**

**JAMES W. JOYCE**
*Senior Counsel, U.S. Capitol Police*

**Defendant**

**JOHN DOES 51–100**
*Officer, U.S. Capitol Police*

<u>**Movant**</u>

**WILLIAM ROBERT NORWOOD**             represented by   **WILLIAM ROBERT NORWOOD**
*et al.*                                                    PRO SE

<u>**Movant**</u>

**ALL MOVANTS**                        represented by   **ALL MOVANTS**
                                                        PRO SE

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/05/2024 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405, receipt number 206553) with Jury Demand filed by EDWARD JACOB LANG. (Attachments: # 1 Civil Cover Sheet)(mg) (Entered: 02/02/2024) |
| 01/05/2024 |   | SUMMONS Not Issued as to All Defendants (mg) (Entered: 02/02/2024) |
| 01/09/2024 | 2 | AMENDED COMPLAINT against All Defendants with Jury Demand filed by EDWARD JACOB LANG.(mg) (Entered: 02/02/2024) |
| 02/02/2024 | 3 | STANDARD ORDER for Civil Cases. See text for details. Signed by Judge Dabney L. Friedrich on February 2, 2024. (lcdlf2) (Entered: 02/02/2024) |
| 02/05/2024 | 4 | MOTION for Leave to File, MOTION to Join by ALL MOVANTS. "The Court construes the movants' filing as a Motion for Leave to File and a Motion for Joinder. The Motion for Leave to file is GRANTED. The movants are directed to serve the Motion to Join on the defendants, and the defendants shall file any opposition within 14 days of service of this filing." Signed by Judge Dabney L. Friedrich on February 5, 2024. (mg). (Entered: 02/06/2024) |
| 02/06/2024 | 5 | Second AMENDED COMPLAINT against All Defendants with Jury Demand filed by ALL PLAINTIFFS. "The Plaintiffs' Motion for leave to file an Amended Complaint is GRANTED. "Signed by Judge Dabney L. Friedrich on February 6, 2024.(mg) (Entered: 02/07/2024) |
| 04/02/2024 | 6 | REQUEST FOR SUMMONS TO ISSUE filed by EDWARD JACOB LANG.(mg) (Entered: 04/02/2024) |
| 04/02/2024 |   | Summons (20) Issued as to JASON BAGSHAW, MICHAEL LEROY BYRD, ROBERT J. CONTEE, III, JIMMY CRISMAN, THOMAS A. DIBIASE, FRANK EDWARDS, ROBERT GLOVER, JAMES W. JOYCE, THOMAS LOYD, J. THOMAS MANGER, LILA MORRIS, WILLIAM ROBERT NORWOOD, YOGANANDA PITTMAN, PAUL RILEY, PAMELA A. SMITH, DANIEL THAU, TARA TINDALL, UNITED STATES CAPITOL POLICE, ERIC WALDO, BRYANT WILLIAMS. (mg) (Entered: 04/02/2024) |
| 04/03/2024 | 7 | REQUEST FOR SUMMONS TO ISSUE filed by EDWARD JACOB LANG.(mg) (Entered: 04/03/2024) |
| 04/03/2024 |   | Summons (1) Issued as to DISTRICT OF COLUMBIA. (mg) (Entered: 04/03/2024) |
| 04/07/2024 |   | |

| | | |
|---|---|---|
| | | MINUTE ORDER. The plaintiffs filed the Second Amended Complaint in this action on February 6, 2024, against numerous defendants. As of the date of this order, the public docket reflects that the plaintiffs have yet to file proof of service of any defendant. The Court directs the plaintiffs' attention to Federal Rule of Civil Procedure 4(m), which provides in pertinent part that if a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiffs show good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Unless service is waived, proof of service must be made to the court. Fed. R. Civ. P. 4(l)(1). To avoid the finality of a mandatory dismissal of this action against the defendants, it is ORDERED that the plaintiffs must, on or before May 6, 2024, either cause process to be served upon the defendants and proof of service to be filed with the Court or establish good cause for the failure to do so. The failure to make such filings will result in dismissal of this case. So Ordered by Judge Dabney L. Friedrich on April 7, 2024. (lcdlf2) (Entered: 04/07/2024) |
| 04/15/2024 | 8 | NOTICE of Appearance by Joseph F. Carilli, Jr on behalf of UNITED STATES CAPITOL POLICE (Carilli, Joseph) (Entered: 04/15/2024) |
| 04/15/2024 | 9 | MOTION for Extension of Time to File Response/Reply as to 4 MOTION for Leave to File MOTION to Join by UNITED STATES CAPITOL POLICE. (Carilli, Joseph) (Entered: 04/15/2024) |
| 04/15/2024 | | MINUTE ORDER granting the defendants' 9 Motion for an Extension of Time to Respond to Plaintiffs' Motion for Joinder. On or before June 3, 2024, the defendants shall file any response to the plaintiffs' 4 Motion to Join.<br><br>Further, the Court is concerned about the plaintiffs' potential noncompliance with Local Civil Rule 5.1(c)(1). This rule provides that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." LCvR 5.1(c)(1). "If [a] party is appearing *pro se*, the caption" of the first filing "shall also include the party's telephone number." *Id.* The "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant." *Id.* Based on the Court's review of the plaintiffs' 5 Second Amended Complaint, the only listed telephone number is for plaintiff EDWARD JACOB LANG. But the defendants represent that the listed telephone number is not actually Lang's. As such, it does not appear that the plaintiffs have complied with LCvR 5.1(c)(1) within the allotted 30 days, preventing the parties from consulting and from this Court contacting the plaintiffs telephonically. Although the plaintiffs are proceeding pro se, they still must comply with the Local Rules. *See Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016). It is hereby ORDERED that on or before April 29, 2024 the plaintiffs shall show cause why the case should not be dismissed for failure to comply with Local Rule 5.1(c)(1).<br><br>The Clerk of Court is directed to mail a copy of this order to the plaintiffs' addresses of record. So Ordered by Judge Dabney L. Friedrich on April 15, 2024. (lcdlf2) (Entered: 04/15/2024) |
| 04/15/2024 | | Set/Reset Deadlines: Response to Show Cause due by 4/29/2024. (zjch, ) (Entered: 04/16/2024) |
| 04/30/2024 | | MINUTE ORDER. The plaintiffs were ordered to show cause, on or before April 29, |

| | | |
|---|---|---|
| | | 2024, why this case should not be dismissed without prejudice for failure to comply with Local Rule 5.1(c)(1). *See* Min. Order of April 15, 2024. The deadline has passed, and the plaintiffs have failed to show cause or make any other filing with this Court. Accordingly, it is ORDERED that this case is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to close this case and mail a copy of this order to the lead plaintiff's address of record. So Ordered by Judge Dabney L. Friedrich on April 30, 2024. (lcdlf2) (Entered: 04/30/2024) |
| 05/06/2024 | 10 | NOTICE of Appearance by Stefanie Lynn Junttila on behalf of ALL PLAINTIFFS. (Junttila, Stefanie) (Main Document 10 replaced on 5/7/2024) (mg). Modified event on 5/7/2024 (mg). (Entered: 05/06/2024) |
| 05/06/2024 | 11 | MOTION for Relief from Judgment by ALL PLAINTIFFS. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order)(Junttila, Stefanie) (Entered: 05/06/2024) |
| 05/08/2024 | | MINUTE ORDER. The Court is in receipt of Stefanie Lambert's 10 Notice of Appearance. Her filing does not include a D.C. Bar number, and she has not moved to appear pro hac vice per LCvR 83.2(c). Ms. Lambert is directed to file on or before May 15, 2024 proof that she is a member of the bar of this Court or seek to appear pro hac vice. So Ordered by Judge Dabney L. Friedrich on May 8, 2024. (lcdlf2) (Entered: 05/08/2024) |
| 05/13/2024 | | MINUTE ORDER. The Court is in receipt of an email from Ms. Marina Medvin, counsel for movant WILLIAM ROBERT NORWOOD in a pending January 6 criminal case. Ms. Medvin represents that Mr. Norwood's "name and alleged signature is being used" in this case "fraudulently, and without his consent, knowledge, or authorization." The Court takes these representations seriously. As such, on or before May 20, 2024, counsel for the plaintiffs shall file a status report informing the Court how Mr. Norwood's name and signature came to appear on an affidavit and whether this problem also affects other plaintiffs in this case. Further, counsel for the plaintiff is reminded of the Court's May 8, 2024 minute order directing her to file proof of her membership of the bar of this Court or to move for an appearance pro hac vice. So Ordered by Judge Dabney L. Friedrich on May 13, 2024. (lcdlf2) (Entered: 05/13/2024) |
| 05/15/2024 | 12 | ENTERED IN ERROR.....NOTICE of Appearance by Stefanie Lynn Junttila on behalf of ALL PLAINTIFFS (Junttila, Stefanie) Modified on 5/16/2024, refiled at docket entry 13 . (mg). (Entered: 05/15/2024) |
| 05/15/2024 | 13 | NOTICE of Appearance by Stefanie Lynn Junttila on behalf of All Plaintiffs (Junttila, Stefanie) (Main Document 13 replaced on 5/16/2024) (mg). (Entered: 05/15/2024) |
| 05/20/2024 | 14 | STATUS REPORT by ALL PLAINTIFFS. (Attachments: # 1 Exhibit Draft Letter and Verification Form for Plaintiffs)(Junttila, Stefanie) (Entered: 05/20/2024) |
| 05/20/2024 | 15 | Memorandum in opposition to re 11 Motion for Relief from Judgment filed by UNITED STATES CAPITOL POLICE. (Attachments: # 1 Exhibit A)(Carilli, Joseph) (Entered: 05/20/2024) |
| 06/19/2024 | 16 | ORDER denying the plaintiffs' 11 Motion to Reinstate Complaint. See text for details. Signed by Judge Dabney L. Friedrich on June 19, 2024. (lcdlf2) (Entered: 06/19/2024) |
| 08/19/2024 | 17 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 16 Order on Motion for Relief from Judgment by ALL PLAINTIFFS. Filing fee $ 605, receipt number ADCDC–11101609. Fee Status: Fee Paid. Parties have been notified. (Attachments: # |

| | | |
|---|---|---|
| | | [1] USCA Order)(Junttila, Stefanie) (Entered: 08/19/2024) |
| | | *Main Document* |
| | | Attachment # 1 *USCA Order* |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EDWARD JACOB LANG, ET AL.
_____
                    Plaintiff

            vs.                          Civil Action No. 1:24-CV-00295-DLF
                                                         _____

SARGEANT DANIEL THAU, ET AL.
_____
                    Defendant

## NOTICE OF APPEAL

Notice is hereby given this  19TH    day of  AUGUST            , 20 24    , that

 PLAINTIFFS, EDWARD JACOB LANG, ET AL.

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the   19TH        day of  JUNE            , 20 24

in  favor of   DEFENDANTS, SARGENT DANIEL THAU, ET AL.

against said   PLAINTIFFS.

                              STEFANIE LAMBERT (MI0103)
                              _____
                                   Attorney or Pro Se Litigant
                              400 RENAISSANCE CENTER, FLOOR 26
                              DETROIT, MI
                              48243-1502

                                   Address and Phone Number

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**  Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDWARD JACOB LANG, *et al.*, |  |
| *Plaintiffs*, |  |
| v. | No. 24-cv-295 (DLF) |
| DANIEL THAU, Sergeant, Metropolitan Police Department, *et al.*, |  |
| *Defendants*. |  |

## **ORDER**

A group of participants in the January 6, 2021 riot at the United States Capitol brought this *pro se* suit against officers of the U.S. Capitol Police and Metropolitan Police Department for alleged injuries sustained during the riot. On April 15, 2024, the Court warned the plaintiffs that they had not complied with Local Civil Rule 5.1(c)(1), which requires a *pro se* plaintiff to provide his address and telephone number in an initial filing. Specifically, the lead plaintiff Edward Jacob Lang listed a noncurrent address, which failed to reflect that he is presently imprisoned, and provided an incorrect telephone number. The plaintiffs failed to cure this defect before the deadline, and the Court accordingly dismissed the case without prejudice on April 30, 2024. A week later, Stefanie Lambert entered an appearance on behalf of the plaintiffs and filed a Motion to Reinstate Complaint, Dkt. 11. The Court also received an email from counsel for William Robert Norwood, an alleged plaintiff in this case. Mr. Norwood's counsel represents that his "name and alleged signature is being used" "fraudulently, and without his consent, knowledge, or authorization." For the reasons that follow, the Court will deny the plaintiffs' motion to reinstate.

"[T]he Federal Rules do not include a motion to reinstate a case," but the D.C. Circuit has construed such motions as arising under Rules 59(e) and 60(b). *Morrissey v. Mayorkas*, 17 F.4th 1150, 1158 (D.C. Cir. 2021) (Rule 59(e)); *see United States v. 8 Gilcrease Lane, Quincy, Fla. 32351*, 638 F.3d 297, 301 (D.C. Cir. 2011) (Rule 60(b)). The timing of such a motion dictates which Rule applies. If the movant seeks relief within twenty-eight days of the challenged ruling, Rule 59(e) applies. *See Slate v. ABC*, 12 F. Supp. 3d 30, 37 (D.D.C. 2013); Fed. R. Civ. P. 59(e). Outside that window, Rule 60(b) applies. *See Slate*, 12 F. Supp. 3d at 37. Here, both parties assume that Rule 60(b) is the relevant standard, but the plaintiffs' motion was filed on May 6, 2024, six days after the Court's April 30, 2024 order dismissing this action. As such, Rule 59(e) appears to apply. But whichever standard governs, the plaintiffs' motion fails.

To start, the plaintiffs cannot satisfy Rule 59(e). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (cleaned up). The plaintiffs raise no intervening change in law nor new evidence not previously available. Their motion thus appears to hinge on the need to correct "a clear error or prevent manifest injustice." *Id.* To constitute "clear error," a final judgment "must be dead wrong," *Nanko Shipping, USA v. Alcoa, Inc.*, 118 F. Supp. 3d 372, 375 (D.D.C. 2015) (cleaned up), and "manifest injustice" is "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law," *Slate*, 12 F. Supp. 3d at 35–36.

The plaintiffs cannot pass this bar. Nowhere in their motion do they suggest the Court improperly applied the letter of the Local Civil Rules, thereby forfeiting any "clear error" argument. Instead, they emphasize that "Plaintiff Lang was incarcerated, in solitary confinement"

2

and was thus "unable to be reached by anyone, much less provide a phone number."  Pls.' Mot. to Reinstate Compl. ¶ 13.  The "[l]ack of a phone number . . . was totally irrelevant" because "there [was] no guarantee that any calls to that number would have gotten through, much less reached" Lang in prison.  *Id.* ¶ 11.  This argument, which sounds in "manifest injustice," fails to persuade.  Far from "fundamentally unfair," the Court's ruling is a direct result of Lang's failure to comply with the Local Civil Rules and this Court's orders.  To start, even assuming the Court waives the telephone-number requirement, Lang's provided "address" is a post-office box, not his place of imprisonment.  *See* Second Am. Compl. at 44, Dkt. 5.  The plaintiffs assert that "a mailing address will be sufficient to allow a party to receive notice," Mot. to Reinstate Compl. ¶ 12, but a "Post Office Box address does not constitute a full and correct residence address for purposes of the Local Rules," *Betz v. First Credit Servs., Inc.*, 139 F. Supp. 3d 451, 454 (D.D.C. 2015).  The plaintiffs provide no reason why the residence-address requirement should be set aside, and the Court would be remiss not to mention that *pro se* prisoners routinely comply with it.  *See, e.g.*, *Groenendal v. EOUSA*, No. 20-cv-1030, 2024 WL 1299333 (D.D.C. Mar. 27, 2024).  Indeed, Lang's failure to indicate that he initially proceeded as a *pro se* prisoner had the effect of misleading the Court about his incarcerated status—preventing a proper application of the screening procedures provided in 28 U.S.C. § 1915.

Moreover, Lang's incarceration does not, standing alone, provide an equitable basis for relief from the Local Civil Rules.  *See In re Akers*, No. 19-cv-3190, 2022 WL 17851468, at *1 (D.D.C. Mar. 9, 2022) ("[N]either simple incarceration nor lack of legal counsel . . . , by themselves, provide the requisite good cause for relief from judgment." (cleaned up)).  Lang has been detained since January 16, 2021, and he was apparently moved to solitary confinement in October 2023—approximately two months before this action was filed.  *See* Defs.' Opp'n at 6,

Dkt. 15. Despite being in solitary confinement, he nevertheless brought this action but failed to keep the Court apprised of his status. Lang, who "has not presented known facts helpful to [his] cause when [he] had the chance," cannot avail himself of a motion for reconsideration "after an adverse judgment has been handed down." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (cleaned up). Further, the Court is deeply concerned by the unrebutted allegation that a motion to join was filed in Norwood's name without his consent and with a potentially forged signature. The plaintiffs offer no explanation as to what occurred, *see* Joint Status Report at 2, Dkt. 14, and the Court will not reinstate an action under such dubious circumstances. The more prudent course is for Lang and any other consenting individuals to refile this action in compliance with the Local Rules. The Court thus concludes that the plaintiffs have failed to satisfy Rule 59(e)'s requirements for reinstatement of the Complaint.

For similar reasons, the plaintiffs cannot overcome the stricter Rule 60(b) standard. Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of six enumerated reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . . misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reasons that justifies relief." Fed. R. Civ. P. 60(b). Although they invoke Rule 60(b)(6) for alleged "extraordinary circumstances," the plaintiffs' motion largely gestures toward Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[E]xcusable neglect is understood to encompass situations in which the failure to comply with a filing deadline

is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) (cleaned up). It is "not a vehicle for raising new legal theories," and "a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief." *Munoz v. Bd. of Trs. of Univ. of D.C.*, 730 F. Supp. 2d 62, 66–67 (D.D.C. 2010). Neither Rule 60(b)(1) nor 60(b)(6) forms a basis for relief.

As the Court informed the plaintiffs, *see* Min. Order of Apr. 15, 2024, *pro se* plaintiffs are not exempt from the Federal Rules of Civil Procedure nor the Local Civil Rules, *see Hedrick v. FBI*, 216 F. Supp. 3d 84, 93 (D.D.C. 2016). The plaintiffs offer no explanation for their failure to comply. As explained *supra*, Lang's incarceration and solitary confinement—conditions preceding the filing of the Complaint and subsequent filings—are not adequate bases for relief. Also, the plaintiffs besides Lang offer zero explanation as to why they could not have complied with the relevant rules. *See Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 244 (D.D.C. 2005) ("Parties have an obligation to monitor the court's docket and keep apprised of relevant deadlines."). Ultimately, Lang made the choice to pursue this action during his imprisonment, and he did so without a proper accounting of the Local Civil Rules and the fulsome consent of his alleged co-plaintiffs. Rule 60(b)(1) and (6) cannot "rescue" him from these choices "that later turn[ed] out to be improvident." *Nursing Home, Inc.*, 636 F. 2d at 577.

Accordingly, it is

**ORDERED** that the plaintiffs' Motion to Reinstate Complaint, Dkt. 11, is **DENIED**.


DABNEY L. FRIEDRICH
United States District Judge

June 19, 2024

5